CHARLES C. CRONE, Respondent, v. CHARLES DEXTER *et al.*, Defendants; RICHARD R. STINDE, Appellant.

St. Louis Court of Appeals, December 15, 1896.

1. **Mortgage Debt:** PROMISE TO ANOTHER FOR BENEFIT OF THIRD PERSON: RIGHT OF ACTION OF THIRD PERSON AGAINST PROMISOR: RULE: LIMITATION OF RULE. While the rule, as recognized in this state, is that where one person makes a promise to another for the benefit of a third person, such third person may maintain an action on the promise in his own name against the promisor, a limitation of the rule is, that where the promisee is himself under a corresponding legal or equitable obligation to the person for whose benefit the promise is made, such third person's right of action is derivative, and not independent, hence limited in extent to the right of recovery by the promisee. *Vrooman v. Turner*, 69 N. Y. 280; *Sewer Pipe Co. v. Thompson*, 120 Mo. 218.

2. ———: ———: LIMITATION OF RULE: DAMAGES: MEASURE OF RECOV-
ERY. Under the rule, as limited in *Vrooman v. Turner, supra,* the
plaintiff could in no event recover more than nominal damages. *State
to use v. Plass,* 58 Mo. App. 148.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

REVERSED, and judgment entered for plaintiff for one
cent damages and costs; but certified to supreme
court.

No briefs filed.

ROMBAUER, P. J.—On January 3, 1893, one R. P.
Jamison was the owner of certain real estate in the city
of St. Louis, Missouri. On that day he executed a deed
of trust thereon to secure to defendant Charles Dexter
the payment of a note for $4,000 to become due in two
years, and certain semiannual interest notes. Dexter
indorsed the notes in blank and delivered them to one
Louis Kupferle. Three days after having executed the
deed of trust above referred to, Jamison sold his equity
of redemption in the property to one Arthur C. Knapp;
Knapp did not assume the payment of the deed of
trust, the conveyance to him being merely subject
thereto. Thereafter, on June 22, 1893, Knapp con-
veyed the property to defendant Stinde. The deed
from Knapp to Stinde contains general covenants of
warranty, concluding as follows: "Excepting with
respect to a certain mortgage amounting to four thou-
sand dollars and accrued interest, which the purchaser
hereby assumes and agrees to pay as part of the con-
sideration hereof." The deed of trust was foreclosed
by Kupferle while one Kanther, the grantee of Stinde,
held the equity of redemption in the property. After
the proceeds of such foreclosure were credited on the
$4,000 note, a balance of $1,251 remained due thereon.
Kupferle thereupon assigned the note to the plaintiff,
who instituted suit thereon against Dexter, Stinde, and

Kanther, seeking to charge the former as an indorser of the note, and the two latter by virtue of their promise contained in the conveyances made to them respectively. The defendants answered by general denial. No objection was interposed for misjoinder of parties defendant, but upon the trial the plaintiff dismissed as to Dexter and Kanther. The court thereupon rendered judgment against the defendant Stinde for the balance due on the note. From this judgment Stinde appeals, and assigns for error that upon the conceded facts the court should have rendered judgment in his favor.

The doctrine recognized in many states of the union that where one person upon a valuable consideration makes a promise to another for the benefit of a third person, such third person may maintain in his own name an action on the promise against the promisor, has been continually recognized as the law of this state since 1847, when the cases of *Bank of Missouri v. Benoist*, 10 Mo. 519, and *Robbins v. Ayres*, 10 Mo. 538, distinctly recognized the rule, and that such is the law of this state is conceded by the appellant. The appellant, however, contends that the rule is confined to cases where the promisee himself is under a corresponding legal or equitable obligation to the person for whose benefit the promise is made, and that such third person's right of action is in the nature of things *derivative* and not independent, and hence limited in extent to the right of recovery by the promisee. That such is the proper limitation of the rule has been distinctly announced in *Vrooman v. Turner*, 69 N. Y. 280, which, in its turn, has been cited with approval in this state in a number of cases. *Phoenix Insurance Company v. Trenton Water Company*, 42 Mo. App. 118; *Kansas City Sewer Pipe Company v. Thompson*, 120 Mo. 218; *Hows-*

PROMISE to another for benefit of third person: right of third person against promisor: rule: limitation of rule.

*man v. Trenton Water Co.*, 119 Mo. 309.  In *Ellis v. Harrison*, 104 Mo. 269, it is also intimated that the rights of the third person are limited by the rights of the promisee as the promise is treated as one on which an action may lie by the promisee and by the third person *alike*.

At the same time it is apparent that Kupferle and those claiming under him could not well be held to have acquired any equitable rights against Stinde by the transaction between the latter and Knapp.  Kupferle bought the note well knowing that the only security for its payment was the land and the solvency of antecedent parties on the note, and so did the plaintiff when Kupferle assigned the note to him.  While on the one hand they acquired no additional security by Stinde's promise to Knapp, they on the other hand lost no security, and their rights are in no way impaired even if they fail to recover substantial damages from Stinde for the violation of his promise to discharge the mortgage lien.  We fail to see, therefore, why the rule announced in *Vrooman v. Turner*, *supra*, when applied to the facts of this case, is not fully consonant with natural justice.

But we recognize the fact, that the case raises propositions which are of grave importance, and which should be set at rest by some final decision in this state. In many earlier cases decided by the supreme court the limitation emphasized in *Vrooman v. Turner*, is apparently ignored.  Such is notably the fact in *Heim v. Vogel*, 69 Mo. 529; *Rogers v. Gosnell*, 51 Mo. 466, and *Fitzgerald v. Barker*, 70 Mo. 685.  While neither of these cases called for a decision of the exact point in controversy here, the language used in them is sufficiently broad to cover every promise made by one person to another for the benefit of a third person.  And this apparent conflict between the earlier and later cases

warrants us to certify the case to the supreme court for final determination.

It is conceded that if the rule as limited in *Vrooman v. Turner*, *supra*, is to prevail, the plaintiff in the case at bar could in no event recover more than nominal damages. Knapp himself could have recovered no more from Stinde. A recovery of nominal damages seems to be warranted in a case of this character under the rule stated in *Clifton v. Hooper*, 6 Q. B. 468, which we adopted in *State to use. v. Plass*, 58 Mo. App. 148. The fact that Stinde assumed to pay the mortgage debt as part of the consideration of the conveyance to him, could not confer upon Knapp a right to recover damages from him which Knapp never sustained, and never could sustain by a violation of such promise. He did receive $4,000, which was all that he was to receive. He was not liable for any part of the mortgage debt, and in a pecuniary point of view it was immaterial to him whether Stinde paid it or not.

Believing as we do that the rule established in *Vrooman v. Turner* is a logical and just limitation of the general rule recognized in this state, and that the last decisions of the supreme court in this state approved of that limitation, we reverse the judgment and order an entry of judgment in this court for plaintiff for one cent damages and costs. For the reasons hereinbefore stated, however, we order that the cause be certified to the supreme court for final determination. So ordered. All the judges concur.

*(margin note: LIMITATION of rule: damages: measure of recovery.)*