## ANTRIM LBR. CO. et al. v. MENDLIK.

No. 14755—Opinion Filed May 12, 1925.

### Mechanics' Liens—Nonliability of Premises Where Material Furnished Lessee.

Where the owner leases his building and lots under a lease contract containing a provision that the lessee is to take the premises described and keep the same in repair and make such improvements as are necessary to meet his own convenience, at his own expense, and that it is further understood and agreed that the lessee is to leave the leased property in as good repair as when taken over by him and to leave all his repair and work upon the premises at the termination of his tenancy, under such circumstances a materialman, furnishing material to or performing labor for the lessee in making such repairs or improvements, is not entitled to a lien on the premises of the owner under and by virtue of section 7463, Comp. St. 1921, where the lessee fails to pay the amount due the materialman or laborer for such material and labor, the owner not being indebted at any time to the lessee for the making of such repairs or improvements.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the Antrim Lumber Company, a corporation, against Pauline Shara Mend-

lik, H. M. Welsh, and C. A. Wolverton and W. F. Wolverton, a partnership doing business under the name and style of Wolverton Brothers Electric Company, on account and to enforce a lien for labor and material. Judgment for Antrim Lumber Company and the Wolverton Brothers Electric Company against H. M. Welsh, denying lien against Pauline Shara Mendlik. The Antrim Lumber Company and Wolverton Brothers Electric Company appeal. Affirmed.

Black & Black, for plaintiffs in error.

Stevens & Cline, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Comanche county, Okla., by the Antrim Lumber Company, a corporation, one of the plaintiffs in error, plaintiff below, against Pauline Shara Mendlik, defendant in error, H. M. Welsh, C. A. Wolverton and W. F. Wolverton, a partnership doing business under the name and style of Wolverton Brothers Electric Company, defendants below, on account and to enforce a lien for labor and material. Judgment for the Antrim Lumber Company and Wolverton Brothers Electric Company against H. M. Welsh for amount of accounts and denying the lien against the property of Pauline Shara Mendlik. The Antrim Lumber Company and Wolverton Brothers Electric Company appeal from the judgment, denying the lien against the property of Pauline Shara Mendlik.

The Antrim Lumber Company filed its petition against all of the other parties, in which it alleged, among other things, that H. M. Welsh was the lessee of a building, known as the Met Theater, located in the city of Lawton, Comanche county, Okla., under a written contract with Pauline Shara Mendlik, the owner of said building, which contract authorized H. M. Welsh to make repairs and alterations on said theatre building; that, under an oral contract with H. M. Welsh, it furnished material and labor for the alteration and repair of said theatre building for which H. M. Welsh was to pay; that it furnished said material under said contract to the said H. M. Welsh to the amount of $180.85: that upon failure of H. M. Welsh to pay said account, it filed its lien statement in the office of the court clerk of Comanche county, in due course, for the amount due it from H. M. Welsh for said material furnished and labor performed with the name of Pauline Shara Mendlik as owner; that Wolverton Brothers Electric Company claimed a lien on said premises, but that the same was inferior and junior to its claim and lien, and asked

for judgment for the amount sued for, $50 attorney's fees, and for foreclosure of its lien and sale of the property. A copy of the lien statement was attached to the petition.

The Wolverton Brothers Company filed its separate answer and cross-petition, claiming that it, under an oral contract, furnished material and labor for the repair and alteration of the electrical installation in said building to H. M. Welsh, lessee of the premises, with full consent and authority under the lease contract from Pauline Shara Mendlik, the owner of the building; that the amount of its claim was $145.65, and that it had filed its account and lien statement with the court clerk of Comanche county in due course; and prayed for judgment for the amount sued for, together with $50 attorneys' fees, and for foreclosure of its lien as a first lien upon the premises and for the sale of the property. A copy of its lien statement and account was filed with and made a part of the answer and cross-petition.

H. M. Welsh filed no pleading or answer in the cause and made no appearance.

Pauline Shara Mendlik filed separate answers to the petition and cross-petition of Wolverton Brothers Electric Company, which were similar, by way of general denial, but for further answer admitted that she was the owner of the Met Theater building, described in the petition of the Antrim Lumber Company and the cross-petition of the Wolverton Brothers Electric Company, and for further answer denied that H. M. Welsh was ever, in any manner whatsoever, authorized by the terms and conditions of any lease to make repairs and alterations on the Met Theater building in the city of Lawton, which should, in any way be charged to said building or the owner thereof, but, on the contrary, alleged the facts to be that such repairs were only authorized to be made at the sole expense of the said H. M. Welsh and in no other manner or form whatsoever; and denied that H. M. Welsh was ever at any time her agent for the purpose of making any contracts for any material or labor for making any repairs upon said Met Theater building, and that, if said H. M. Welsh did make such contracts, they were wholly and entirely without authority from her; that she had never had any notice or knowledge of the making of any repairs or the making of any contracts for material or labor for repairs, if any such contracts were made, until the notice of the filing of mechanic's lien was served upon her.

The Antrim Lumber Company and the Wolverton Brothers Electric Company filed their separate replies to the answer of Pauline Shara Mendlik, which are similar, setting up the terms of the lease contract between Pauline Shara Mendlik and H. M. Welsh, which lease contract was made a part of said replies.

Upon these issues the cause proceeded to trial to the court, the jury being specially waived, and at the close of all the testimony in the case Pauline Shara Mendlik filed separate demurrers to the evidence of plaintiff, Antrim Lumber Company, and the Wolverton Brothers Electric Company, cross-petitioner. Demurrers were by the court sustained and exceptions reserved. The court pronounced judgment for the amounts of the accounts of the Antrim Lumber Company and the Wolverton Brothers Electric Company against H. M. Welsh, and denied a lien for the payment of said judgments against the Met Theater building, the property of Pauline Shara Mendlik, from which judgment denying the lien the Antrim Lumber Company and Wolverton Brothers Electric Company appeal to this court for review.

The attorneys for plaintiffs in error set up three specifications of error, but content themselves in arguing the same under one proposition, which is whether the lease contract between Pauline Shara Mendlik and H. M. Welsh was of such a character as to deprive plaintiffs in error, as subcontractors, of the right to protection under the lien laws of the state.

The uncontroverted evidence in this case is that the defendant in error, Pauline Shara Mendlik, was the owner of a theater building in Lawton, Okla.; that she, by written contract, leased the same to H. M. Welsh on the 18th day of July, 1921, for the term of five years, the term to begin on the 15th day of August, 1921, for the sum of $15,000, $250 of which was payable on the 15th day of each month beginning on the 15th of August, 1921, until the entire sum of $15,-000 in rents was paid. Among other stipulations of said contract, the lessee was to surrender the leased premises at the end of the lease period in as good condition as when received by him, reasonable wear and tear and action of the elements excepted, and that he should replace and repair, at his own expense, any loss or damage to the leased property caused by his own negligence or through the negligence or wrongful act of anyone working for or under him, or any damage accruing through his use or occupancy of the same; that he should main-

tain the heating and lighting of the premises, at his own expense, and that the lessor should not be liable to the lessee for any repairs on account of damage caused to the building or property by the lessee through his use and occupancy of the same, or for any expense of any kind or character, relative to the use of the same, or for maintaining the upkeep and repairs on the interior of the building or any property or part within said building, but that the lessee, at his own expense, should preserve the upkeep and repairs on all inside property, including seats, paraphernalia, fixtures, and such interior wall decorations and front decorations as the lessee deemed necessary in his business; that the roof and outer part of the building were to be maintained by the lessor. The lease contract further provided that at the final termination of the lease the lessee should have the right to remove from said building all property placed therein by him, which was not fixed and part of the realty, provided the rents had been fully paid, and that such removal could be made without damaging the property belonging to the lessor. The testimony of the managers of the two plaintiffs in error is to the effect that they furnished labor and material to the lessee, H. M. Welsh, and looked to him for payment; that they presented their accounts to him repeatedly; that the defendant in error, Pauline Shara Mendlik, was never consulted by them; that no demand had ever been made upon her for the cost of the material and labor and, so far as the evidence goes, there is no showing that she had any knowledge whatever of said labor and material ever having been furnished; that when they failed to collect their accounts against H. M. Welsh, they filed their accounts and lien statements with the court clerk of Comanche county. This is a fair statement of all the evidence introduced by the plaintiffs in error in this case.

The court very properly rendered judgment for plaintiffs in error upon the petition and counterclaim against H. M. Welsh, but plaintiffs in error complain that the court's refusal to grant them a lien upon the theater building, owned by Pauline Shara Mendlik, defendant in error, was error and deprived them of a statutory right under the labor and materialman's lien law of this state.

Plaintiffs in error could not claim a lien under a contract with Pauline Shara Mendlik, the owner of the building, as she was not a party to the purchase of the material or for the labor performed; then, if they

recover at all, they must recover under the provisions of section 7463, Comp. Stat. 1921, which authorizes a subcontractor, who furnishes labor or material to the original contractor, or under a subcontract, to have a lien against the owner of the building for such labor performed and material furnished, but said statute has this proviso, as follows:

"That the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor."

In this case there was no amount contracted to be paid by Pauline Shara Mendlik to H. M. Welsh, and, therefore, there was no fund from which the subcontractors, who furnished the material or performed labor, could be paid for such material and labor and there was no duty owed by defendant in error to the plaintiffs in error to withhold such fund or to distribute it to them, for, as said before, there was no such fund in the hands of the defendant in error, Pauline Shara Mendlik. This principle seems to be clearly outside the rule established in the case of Hoggson Bros. v. Dickason-Goodman Lumber Co., 81 Okla. 31, 196 Pac. 686.

Assuming, without deciding, that H. M. Welsh was the original contractor, it is clear that, by the terms of his lease contract with Pauline Shara Mendlik, by virtue of which plaintiffs in error claimed that he made the improvements on the premises of Pauline Shara Mendlik, he had no lien of any character on her property, for the reason that she owed him nothing whatever for the making of the improvements, and, for the further reason, that Welsh had no contract with her whereby she was obligated to pay him any sum whatever for the improvements made by him on her property. Whatever improvements were placed there by Welsh were for his own convenience and at his own expense, according to the terms of the contract. Pauline Shara Mendlik, not having contracted to pay Welsh any sum whatever for making the improvements on her premises and not being indebted in any wise to him, consequently had no fund in her hands due and owing to Welsh, upon which the plaintiffs in error could have any claims upon which to found their claim for a lien against the property.

Since this cause was tried, this court, in the case of Hudson-Houston Lumber Co. v. Parks, 91 Okla. 46, 215 Pac. 1072, decided the identical principle involved in this action as follows:

"Where the owner leases certain lots un-

der a lease contract containing a provision that the lessee 'is to take the premises above described and is to make all necessary repairs and alterations as is necessary to meet his convenience, and is to build the house on lot 5 back until it is the same length as the one on lot 6. And it is further understood and agreed that the party of the second part is to leave all this repair and work at the time of the termination of his tenancy'—a materialman furnishing material to the lessee to be used by him in making such improvements is not entitled to a lien on the premises of the owner under and by virtue of section 3864, Rev. Laws 1910, where the lessee fails to pay a balance due the materialman for such material, the owner not being indebted at any time to the lessee for the making of such improvements."

The case cited above was a much stronger case for the materialman than the instant case, for, in that case, it was contemplated in the lease contract, between plaintiff in error and defendant in error, that the lessee should build an addition to the building and make certain alterations and repairs to the building to meet his own convenience, and yet, in that case, it was held, in construing the same identical statute involved here, that the owner of the leasehold estate not being indebted at any time to the lessee for the making of such improvements, a laborer or materialman's lien did not lie against the owner or his property. And, in the body of the opinion, the court, in substance, held that, although the material was furnished and used in the addition and in repairing the building on the leased property, the owner thereof having knowledge of said material being used in the erection and construction of said addition and repairs and making no objection to the same, the lien did not attach.

The court, in the body of the same opinion, said:

"Although a mechanic's lien law is to be liberally construed, and is regarded as a favorite of the law, a statute cannot be so extended as to cover cases not within its provisions. To charge the premises of the defendant Dillard would be equivalent to saying that an owner may not consent to the erection of an improvement on the leased land, made by the tenant at his own cost and convenience, and to be left upon the premises at the expiration of his lease, without rendering the owner liable for the cost incurred."

We, therefore, conclude that, under the statute law of this state and under the authorities cited, the plaintiffs in error by their evidence did not make out a case against the defendant in error to entitle them to the lien claimed by them in this action,

and that the judgment of the trial court was correct in denying them the right to enforce the lien against the property and to have same foreclosed and property sold to satisfy debt for material and labor furnished to H. M. Welsh,

It, therefore, follows that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.