## MANSFIELD LUMBER CO. v. FIRST STATE BANK OF VIAN.

No. 19806. Opinion Filed Dec. 16, 1930.

Edwin T. Watkins, Dobbs & Young, and E. E. Blake, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

HERR, C. In this case it appears that one C. L. Hill was the owner of lots 8 and 9 in block 25, in the town of Vian, Okla., and that the First State Bank of Vian, defendant herein, was the owner of part of lot 7 in said block, and on which there was located a one-story brick building, in which said bank was conducting its business. Lot 7 adjoins lots 8 and 9. Mr. Hill decided to build a two-story brick building on his lots. He discussed the construction thereof with one Allen Scott, vice president of defendant bank, in which discussion it was suggested by Mr. Hill that the construction of his building would make defendant's building look rather odd unless it placed an additional story thereon. Following this discussion, an agreement was reached between Scott and Hill that Hill should construct an additional story on the bank building, in connection with his building, and, in consideration therefor, he was to have the rentals arising from the additional story for a period of 10 years from the completion thereof. This agreement was later approved by the board of directors of the defendant bank, reduced to writing, and signed by the parties.

This contract, after describing the premises upon which the building to be enlarged is located, among other things, provides as follows:

"That, in consideration of the covenants

and agreements hereinafter mentioned, the party of the second part agrees to construct a second story on the building above mentioned and to pay all costs of the same, said second story to be constructed of brick of the same kind and character as in the present building and the walls of the said second story to be the same dimensions as the present building, and to hold the party of the first part free from any liens or incumbrances of any nature whatsoever on account of the construction of said second story.

"That, in consideration of the construction of the said second story as above set out, the party of the first part agrees to and does, by these presents, lease, let, and rent to the party of the second part for his use and benefit, the said second story so constructed for a term of years ending May 1, 1935, without any additional rent of any nature except as above set out."

This contract further provides that Mr. Hill shall furnish the bank a bond, guaranteeing the construction of the building in a workmanlike manner, and in accordance with the terms of the contract, and indemnifying it against any liens which might be filed against the premises.

In accordance with this contract, Hill, in connection with the construction of his building, erected an additional story on the building belonging to the bank, and in the course of constructing these buildings, he purchased material from the plaintiff, Mansfield Lumber Company, which material was used in the building and construction thereof. At the completion of the buildings, there remained due and owing plaintiff the sum of $1,158.40, of which amount material to the value of $635.63 remaining unpaid was used in the construction of the bank building.

Plaintiff, in due course, filed its materialman's liens against these buildings. This suit is to foreclose the lien on the bank building, the controversy as to the Hill building having been settled in a separate suit. The trial was to the court, resulting in judgment in favor of plaintiff against Hill for the sum of $1,158.40, and decreeing a lien against his leasehold in and to the bank building in the sum of $635.63, and a denial of the lien against the interest of the defendant bank. Plaintiff appeals.

The main assignment is that the judgment is contrary to law. In our opinion, this assignment is well taken. The contention of plaintiff is that, by the written lease contract, defendant bank made and constituted Hill its agent for the purchase of the material and the construction of the building. With this contention we agree. The building was constructed for the sole use and benefit of the defendant, and not for the accommodation or convenience of Hill. The bank, under the contract, was obligated to reimburse Hill for the construction of the building out of the rents arising therefrom. The building was to be constructed under the directions of the bank, and Hill was required to execute a bond guaranteeing the construction thereof in a workmanlike manner and as provided by the contract, and indemnifying the bank against lien claims. This, undoubtedly, constituted Hill the agent of the bank.

In 27 Cyc. at page 58, the following rule is announced:

"It is usually held that where a lease contains a provision authorizing the lessee to make repairs or improvements at the cost of the lessor, either generally, or by deducting the cost from the rent, or where part of the consideration for the lease is the making by the lessee of improvements which become a part of the realty, or that improvements made by the lessee shall revert to the lessor, a mechanic's lien may attach to the property for work done or materials furnished pursuant to a contract with the lessee."

In the instant case, the mere fact that the contract provided that the building should be constructed at the cost of Hill, and that the building should not be subject to any liens by reason of its construction, does not alter the case. In the case of State ex rel. v. Continental Supply Co., 137 Okla. 24, 278 Pac. 269, this court held:

"As a general rule, a conditional vendee of a leasehold estate, created by an oil and gas lease, will not be held to be the agent of the owner of the leasehold estate so as to give a lien on his interest in such estate for material furnished and labor performed in developing the same under contract with such conditional vendee, but where such leasehold is developed by the conditional vendee for the benefit of the owner of such leasehold, under a written contract to that effect, and such owner, under the terms of the contract, is to receive the entire proceeds of oil runs from all wells located thereon, except operating expenses, the maximum amount of which is fixed by the contract, until the purchase price is paid in full, and vendee fails to make payments as provided by the contract, and the owner of the leasehold, by reason thereof, declares a forfeiture, and the conditional vendee in developing such lease under the contract will be held to be acting for the owner, and contracts made by him, in this respect, will be deemed to be contracts of the owner, and

his leasehold estate, under section 7464, C. O. S. 1921, may be subjected to liens for material furnished and labor performed in developing the same, notwithstanding the contract otherwise provides."

In the case of Allen Estate Ass'n v. Fred Boeke & Sons, 254 S. W. 858, the Supreme Court of Missouri held:

"Though a lessee, as such, is not an agent of the owner within Rev. St. 1919, sec. 7216, giving mechanics' liens on buildings for work, and material furnished under a contract with the owner or his agent, a lessor, by requiring his lessee to make improvements of substantial benefit to the reversion, made lessee his agent, and those furnishing labor or material under contracts with lessee had a right to mechanics' liens against lessor's reversionary interest, even where lease expressly provided that lessee was not agent to bind lessor, and that contractors should look solely to lessee's interest in the premises."

In the case of Kremer v. Walton (Wash.) 39 Pac. 374, the following rule is announced in the syllabus:

"Where a contract to lease provides that the lessee shall erect a building on the premises, the lessor agreeing to pay the costs thereof by permitting the lessee to retain the rents, the lessee erects the building as the agent of the lessor, so as to render mechanics' liens a charge on the interest of the lessor in the land."

In the body of the opinion, at page 375, the court says:

"It follows that if the terms of the contract between the lessor and the lessee had been that the lessee should erect the building and upon its erection should be entitled to demand and receive of the lessor the cost of such erection, the interest of the lessor would be subject to liens growing out of the erection of the building; and the fact that, under the terms of this agreement, the money was to be paid by the lessor by the retention of rents by the lessee would not change the rights of the parties. Under the terms of the agreement, the cost of the building was to fall upon the lessor to the same extent, in the end, as it would have done had he been called upon to pay the entire cost of such erection when the building was finished. Under our construction of this contract of lease, it included an agreement between the lessor and lessee that the latter should erect for the former the building in question, and that, for that reason, the interest of the lessor, as well as that of the lessee, was subject to liens growing out of its erection."

To the same effect are the following authorities: Potter v. Conley (Kan.) 112 Pac. 608; Myers v. Strowbridge Estate Co. (Ore.) 160 Pac. 135; Whitcomb v. Gans (Ark.)

119 S. W. 676; Boise Payette Lbr. Co. v. Sharp (Idaho) 264 Pac. 665; Langston v. Mathews (Ark.) 173 S. W. 397; Long Bell Lbr. Co. v. McCray Band Co. (Kan.) 132 Pac. 992.

Defendant relies upon the cases of Hudson-Houston Lbr. Co. v. Parks, 91 Okla. 46, 215 Pac. 1072; Antrim Lbr. Co. v. Mendlik, 110 Okla. 76, 236 Pac. 422. These cases are not applicable to the situation here presented. Therein improvements were made by tenants in possession for their own use and benefit, and the lessor was under no obligation to reimburse them for the expense thereof in any manner whatsoever. These cases are distinguished by this court in the case of State ex rel. v. Continental Supply Co., supra. What is there said applies with equal force to the case at bar.

Neither does the case of Cameron & Co. v. Beach, 44 Okla. 663, 146 Pac. 29, sustain the contention of defendant. In that case, there was no written lease contract. The agreement was oral. The evidence in that case does not bring the contract therein within the terms of the contract in the instant case. The court held the evidence sufficient to take the case to the jury on the question of whether the lessee was agent for the lessor.

In the instant case, in our opinion, and under the authorities above cited, the contract, on its face, makes the lessee the agent of the lessor. A contract with the agent of the owner satisfies the lien provision of the statute that the contract must be had with the owner. Eberle v. Drennan, 40 Okla. 59, 136 Pac. 162; Cameron & Co. v. Beach, supra.

It follows from what has been said that the court erred in denying plaintiff a lien against the interest of the bank in and to the premises in question.

Judgment should be reversed, in so far as it denied plaintiff a lien as against defendant bank, and the cause remanded, with directions to enter judgment in its favor as against said defendant, decreeing a lien against its interest in the premises in the sum of $635.63, in accordance with the views herein expressed; to render judgment in plaintiff's favor for a reasonable attorney's fee to be fixed by the trial court; and for costs of suit. In all other respects, judgment should be affirmed.

TEEHEE, DIFFENDAFFER, HALL, LEACH, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1917D, 580; 18 R. C. L. p. 898; R. C. L. Perm. Supp. p. 4545.