## SIMPSON v. DAVIDSON & CASE LBR. CO.

No. 19660. Opinion Filed May 26, 1931.

Rehearing Denied June 30, 1931.

Chas. E. Wells and John K. Bowman, for plaintiff in error.

G. C. Abernathy and Edward Howell, for defendant in error.

HEFNER, J. This is an action by the Davidson & Case Lumber Company against Agnes L. Simpson and Red Arrow Petroleum Company to recover on a promissory note and to foreclose a materialman's lien. It appears that the defendant, Mrs. Simpson, is the owner of certain lots in the city of Shawnee; that on the 6th day of June, 1921,

she leased the lots to her codefendant, Red Arrow Petroleum Company, for the purpose of operating a filling station thereon. A filling station was thereafter erected on the lots by the petroleum company. Plaintiff furnished material therefor under contract with the company. The note sued on was executed by it for the purchase price of the material. The note not having been paid, plaintiff filed a lien against the lots and thereafter brought this suit.

Mrs. Simpson's defense was that she was not primarily liable for the debt and that the lien could not attach against her interest in the land for the reason that the contract for the purchase of the material was made with the petroleum company and not with her. She also filed a cross-petition in which she alleged that the petroleum company was indebted to her in the sum of $5,700, balance due for rent, and claimed a lien under her contract against the improvements superior to plaintiff's lien. She further pleaded that, in the event the court found plaintiff entitled to a lien, it should be allowed against the improvements only and not as against the fee in the land.

The trial court entered judgment in favor of plaintiff decreeing it a lien against the fee in the land and entered judgment of foreclosure accordingly, and denied Mrs. Simpson any relief whatever under her cross-petition. The judgment is assailed by her on the ground that it is not sustained by the evidence and is contrary to law. We think the judgment correct in so far as it denied appellant relief under her cross-petition, as in our opinion the evidence fails to establish that she was entitled to recover against her codefendant, petroleum company. We are, however, of the opinion that the court erred in decreeing a lien against appellant's interest in the land. Plaintiff was only entitled to a lien against the improvements. Its contract was with the tenant, petroleum company, and not with Mrs. Simpson, the owner. The evidence fails to establish that the petroleum company was acting as her agent in purchasing the material and making the improvements. Plaintiff's main contention is that the lease contract entered into between her and the petroleum company creates an agency between them. The clause relied upon is as follows:

"It is further covenanted and agreed between the parties aforesaid that second party will build and maintain a gasoline filling station on said property costing approximately $3,500, plans of which are hereto attached, and to comply with the laws and ordinances of the city of Shawnee in its construction and operation. All improvements attached to the land shall belong to the party of the first part after the termination of this agreement, except pumps and equipment."

While the contract authorizes the tenant to make the improvements and provides that at the termination of the lease the improvements attached shall become the property of the owner, this in itself is insufficient to establish agency between the parties. In the case of Hudson-Houston Lumber Co. v. Parks, 91 Okla. 46, 215 Pac. 1072, this court announced the following rule:

"Where the owner leases certain lots under a lease contract containing a provision that the lessee 'is to take the premises above described and is to make all necessary repairs and alterations as is necessary to meet his convenience, and is to build the house on lot 5 back until it is the same length as the one on lot 6. And it is further understood and agreed that the party of the second part is to leave all this repair and work at the time of the termination of his tenancy,' a materialman furnishing material to the lessee to be used by him in making such improvements is not entitled to a lien on the premises of the owner under and by virtue of section 3864, Rev. Laws 1910, where the lessee fails to pay a balance due the materialman for such material, the owner not being indebted at any time to the lessee for the making of such improvements."

To the same effect are the following cases: Antrim Lbr. Co. v. Mendlik, 110 Okla. 76, 226 Pac. 422; Aldridge v. Johnson, 132 Okla. 257, 270 Pac. 322; Cahill-Swift Mfg. Co. v. Sayer, 72 Okla. 88, 178 Pac. 671; Stewart Lbr. Co. v. Derry, 122 Okla. 208, 253 Pac. 485. In all of these cases it is held that a lease contract authorizing the tenant to make improvements for his use, benefit, and convenience does not create an agency between landlord and tenant so as to render the interest of the owner liable to materialman's liens where the contract for purchasing material was made with the tenant even though the contract provides that the improvements shall revert to the owner upon termination of the lease.

The rule, of course, is otherwise where under the contract the owner is obligated to reimburse the tenant for the cost of the improvements or where made for the primary benefit of the owner. State ex rel. Mothersead v. Continental Supply Co., 137 Okla. 24, 278 Pac. 269; Mansfield Lbr. Co. v. First State Bank of Vian, 147 Okla. 8, 293 Pac. 1079.

Plaintiff further contends that even if the petroleum company was not authorized to bind Mrs. Simpson for the material, she became liable by reason of having received and accepted the benefits thereunder, and

discusses the question of ratification. We do not agree with this contention. If the written contract authorizing the improvements to be made does not create an agency between the parties, the acceptance of the benefits of the contract by Mrs. Simpson could not create an agency by estoppel or ratification. The question of ratification does not properly arise in the case. The contract for the material having been made by plaintiff with the petroleum company and not with the owner, her interest in the premises is not subject to the lien.

Section 746, C. O. S. 1921, as amended by chapter 54, Session Laws 1923, in part provides:

"If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate."

Under this section the lien should have been allowed against the improvements only.

The judgment is reversed, and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.