## ANDERSON v. GIBBS LUMBER CO.

No. 20807. Opinion Filed Feb. 16, 1932.

Rehearing Denied April 26, 1932.

Pearson & Houston, for plaintiff in error.

G. C. Abernathy and Edward Howell, for defendant in error.

HEFNER, J. This is an action brought in the district court of Pottawatomie county by Gibbs Lumber Company against Forest Anderson and Savage and Mitchell to re-

cover on a lumber bill and to foreclose a materialman's lien on certain lots in Earlsboro, Okla. Anderson contends that plaintiff's contract for the purchase of the material was with defendants Savage and Mitchell, and that he made no contract with the company, and that he is, therefore, not personally liable and that the fee in the lots is not subject to the lien; that plaintiff was only entitled to a lien against the building for which the material was purchased. Defendants Savage and Mitchell made no defense. The trial was to the court and resulted in a judgment in favor of plaintiff against all defendants and a decree foreclosing the lien against the building and the fee in the lots.

Defendant Anderson has appealed and asserts that the evidence is insufficient to support the judgment as against him, and that the court erred in decreeing a lien against the land. The evidence on this phase of the case is, in substance, as follows:

On January 5, 1927, defendant Anderson, who was then the owner of the lots, leased the same to Horace Phillips for a term of one year with a four-year renewal privilege for the rental of $225 per month. This lease contained the following clause:

"It is agreed and understood that second party shall have the privilege of moving all improvements, or buildings erected on the above-described property. Provided, that the rent for one year is paid."

Phillips sublet the premises to defendants Savage and Mitchell, who erected a building thereon and purchased material therefor from plaintiff, and it, in due time, filed a materialman's lien against the premises. It admits that it had no contract with appellant for the purchase of the material, and appellant admits that defendants Savage and Mitchell owed plaintiff the sum of $2,893.82 for the material.

The contention of appellant is that since plaintiff had no contract with him for the purchase of the material, he is not personally liable therefor in the absence of a showing that Savage and Mitchell contracted for the purchase thereof as his agent. With this contention we agree.

In the case of Simpson v. Davidson & Case Lbr. Co., 150 Okla. 152, 300 P. 631, the following rule was announced:

"Where the owner leases lots under a written contract which provides that the tenant shall at its own expense make such improvements thereon as are necessary to make the lots adaptable for the purposes for which they were leased, and the lease

further provides that the improvements shall revert to the owner at the termination thereof, a materialman furnishing material for making the improvements under contract with lessee is not entitled to a lien against the land, but he is entitled to a lien against the improvements."

See, also, Hudson-Houston Lbr. Co. v. Parks, 91 Okla. 46, 215 P. 1072; Antrim Lbr. Co. v. Mendlik, 110 Okla. 76, 236 P. 422; Aldridge v. Johnson, 132 Okla. 257, 270 P. 322.

The facts in the instant case are similar to those in the cited cases, except that the lease, in this case, provided that the tenant at the termination of the lease might remove all improvements placed thereon by him. There is no evidence which shows agency between appellant and Savage and Mitchell in the purchase of the material. It is disclosed that the building was erected on the lots owned by appellant with his knowledge. This, however, under the authorities above cited, is not sufficient to make him personally liable for the material.

Plaintiff argues that appellant is personally liable because he assumed and agreed to pay the bill. The evidence discloses facts about as follows:

In the latter part of April, 1927, G. E. Smith, as agent for defendants Savage and Mitchell, submitted a proposition to appellant for the purchase of his equity in the building for the sum of $600 and the assumption of the material and labor bills. The building, at that time, was occupied by four tenants. The income therefrom was calculated by Smith to be approximately $8,000 a year. Smith represented to plaintiff that three of the tenants then in the building had paid rent for two months in advance and that one had paid advance rental for four months. Appellant accepted the proposition as submitted to him by Smith and agreed to purchase the building under the terms thereof. He issued his check to Savage for the sum of $575, being the $600 less $25 commission to Mr. Smith. Immediately after the check was given, appellant discovered that Savage had collected the rent from three of the tenants for four months in advance and from one for one year in advance. He then went to the bank to stop payment on his check. The check had already been marked paid and charged to the account of appellant and a cashier's check payable to Savage and Mitchell issued in lieu thereof. Appellant met Savage in the bank and informed him that he had discovered he had been defrauded; that he,

Savage, had collected the advance rentals as above stated, and that the deal was off. After some discussion of the matter, at the suggestion of the cashier of the bank, it was agreed that the cashier's check should be and it was left at the bank until the differences between appellant and Savage and Mitchell could be adjusted. Appellant and Savage then had a consultation with Mr. Mayes, the tenant who claimed to have paid a year's rent in advance, and he still contended that such payment had been made. Appellant then stated to Savage that he had forfeited his rights under the contract and refused to consummate the deal. No further effort was made by the parties to adjust their differences, and immediately thereafter defendant Savage moved to the state of Arkansas, and defendant Mitchell was, at that time, not a resident of this state. The cashier's check has not been cashed and no further effort was ever made by either Savage or Mitchell to enforce the contract or collect on the check. The check was issued in May, 1927; the case was tried February, 1929. Mr. Savage testified by deposition and expressly stated that no effort had ever been made to cash the check or to enforce the alleged purchase contract against appellant. The contract between appellant and Savage and Mitchell for the purchase of the building was apparently abandoned by both parties, neither intending to enforce the same as originally entered into.

This being true, plaintiff cannot recover on the theory that appellant made an agreement with defendants Savage and Mitchell to pay its bill as a part consideration for the purchase price of the building.

Speaking of the right of a third party for whose benefit a contract is made to enforce it, in vol. 6, R. C. L., at page 886, the author says:

"Even in jurisdictions which recognize the right of a beneficiary to enforce the contract, the agreement between the promisor and promisee must possess the necessary elements to make it a binding obligation—in other words, it must be a valid contract between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. * * *

"The beneficiary is, in fact, asserting a derivative right. Therefore, among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties."

In the case of Hargadine-McKittrick Dry Goods Co. v. Swofford Bros. (Kan.) 70 P. 582, it is held:

"A creditor who claims the benefit of a contract made by another with the debtor to pay the latter's debt will be bound by the equities between the contracting parties growing out of the agreement, and he cannot enforce the promise if the promisor was fraudulently induced to make it."

In the case of Commonwealth Cotton Oil Co. v. Lester, 156 Okla. 93, 9 P. (2d) 738, this court said:

"If it could be said that plaintiff in the instant case is a third party, which we do not concede, and that the contract between the engine company and the defendant cotton company was made for his benefit, the plaintiff herein could not acquire any interest in the property in dispute until the deal between the contracting parties was fully carried out or consummated."

See, also, Union City Realty Co. v. Wright (Ga.) 89 S. E. 822; Davis v. Dunn (Mo. App.) 97 S. W. 226; Crone v. Dexter, 68 Mo. App. 122; Electric Appliance Co. v. United States Fid. & Guar. Co. (Wis.) 85 N. W. 648.

Plaintiff has failed to prove an existing valid and binding contract between appellant and Savage and Mitchell, and its action against him must, therefore, fail.

Plaintiff claims that appellant, after negotiating with Savage and Mitchell for the purchase of the building, took possession thereof under the contract and collected the rents, and that he is, therefore, personally liable. The evidence does not sustain this contention. On this question, Mr. Savage testified that within one week after appellant stopped payment on the check, he moved to Arkansas but did not abandon the building; that he left it in charge of his attorney, Mr. Bulgin, and authorized him to collect rents and look after it, but that if he did collect rents no report thereof was made to him. Appellant testified that he did not take possession of the building, under the contract, and that he collected no rents from the tenants. The evidence is undisputed that appellant did not take possession of the building during the tenure of lease. Plaintiff introduced in evidence a judgment obtained by appellant on August 1, 1928, against Mayes, one of the tenants in the building under Savage and Mitchell, for the use and occupancy of the premises in the sum of $3,133. The judgment was never collected. Plaintiff, however, urges that this judgment is some

evidence tending to establish that appellant took possession of the building under the alleged contract of purchase between him and Savage and Mitchell. We do not agree with this theory. The petition was filed July 6, 1928. The suit was one in ejectment against Mayes then in possession of the premises and for the rental value of the premises for the time he occupied the same. It is alleged in the petition that Mayes unlawfully occupied the premises from April 11, 1927. At the time this suit was filed, the ground lease executed by appellant had expired. He had collected no rental thereon since April 11, 1927. His contract provided for $225 per month rental. The petition is based on the theory that, since he failed to collect his ground rent, he was entitled to recover the value of the use thereof from anyone found in the possession. The judgment, on its face, shows that this was the theory upon which it was rendered. Appellant did not base his case on the theory that the relation of landlord and tenant existed between him and Mayes. He did not recognize him as his tenant, but, on the contrary, in his petition, expressly pleaded that Mayes was occupying the premises without a contract and without right. We need not determine the correctness of the theory upon which judgment was rendered in that case. We do say, however, that the judgment in that case does not prove that appellant took possession of the building under the alleged contract of purchase with Savage and Mitchell.

J. S. Gibbs, manager of plaintiff company, testified that, after appellant stopped payment on the check given Savage and Mitchell, he still promised to pay its bill. On cross-examination, he modified this statement and said that appellant stated: "They are trying to hold me up. You should have your money. You will not lose anything." It is urged by plaintiff that this promise is sufficient to bind appellant. Assuming that this evidence proves an unconditional promise on the part of appellant to pay the debt of Savage and Mitchell to plaintiff, still it cannot recover against appellant because there was no consideration for the promise.

In the case of Eastman Land & Invest. Co. v. Long Bell Lbr. Co., 30 Okla. 553, 120 P. 276, this court said:

"A promise made by an owner to a contractor to pay a sum, which the owner owes to the contractor, to a materialman who has furnished lumber to the contractor, cannot be enforced by the materialman, unless this promise is based upon some present consideration."

We find nothing in the evidence presented which authorizes a personal judgment against appellant. It is conceded by appellant that plaintiff is entitled to a judgment against Savage and Mitchell and a lien against the building erected upon the lots by them. This, in our opinion, is the judgment which should have been rendered by the trial court.

The judgment is reversed and the cause remanded, with directions to vacate the personal judgment against appellant and to render a judgment in accordance with the views herein expressed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. RILEY, J., absent.

Note.—See under (1) 4 A. L. R. 685; 16 R. C. L. 623. (2) 6 R. C. L. 882; R. C. L. Perm. Supp. 1849.