H. M. FERGUSON, E. E. McCOLLISTER, T. P. CLAY, W. C. SHADDEN, G. T. INGRAM AND H. M. MALOY v. THE STEPHENSON-BROWN LUMBER COMPANY, *a Corporation.*

(Filed June 8, 1904.)

1. MECHANIC'S LIEN—Knowledge of Owner. Where an action is brought under section 621, of chapter 66, of Wilson's Statutes, to enforce a material man's lien for material furnished under a sub-contract with the contractor, it is not necessary to allege or prove that the owner of the building has knowledge that the person claiming the lien had furnished the material to the contractor.

2. SUFFICIENCY OF LIEN STATEMENT. In order to establish a mechanic's lien, the statement filed for that purpose must substantially comply with the statute; and where the lien claimant filed in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed, and the items thereof, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property so as to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, verified by affidavit, it will be sufficient.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*C. H. Eagin, T. P. Clay,* and *C. M. Thacker,* for plaintiffs in error.

*C. O. Blake, E. E. Blake,* and *John Livingston,* for defendant in error.

STATEMENT OF FACTS.

On the 19th day of June, 1901, the defendant in error, plaintiff in the court below, filed its statement for a material man's lien against the plaintiffs in error, and against lots

numbered five and six, in block number eight, in the town of Mangum, Greer county, Oklahoma, the property of Ferguson, McCollister, Clay and Shadden, claiming the plaintiffs in error, Ingram and Maloy, the contractors, were indebted to the defendant in error in the sum of eighteen hundred fifty-one and 5-100 ($1,851.05) dollars, on account of material furnished to be used in the erection of the building on the lots. On the 29th day of August, 1901, defendant in error filed its petition in the district court of Greer county in said Territory, asking for a judgment against plaintiffs in error, Ingram and Maloy, and for a foreclosure of its lien. On September 23, 1901, plaintiffs in error filed their demurrer to said petition, which was by the court overruled, to which the plaintiffs in error saved exceptions. Plaintiffs in error then filed an answer and cross-petition. Defendant in error demurred to the cross-petition, which was by the court sustained, to which the plaintiffs in error saved exceptions. On the 19th day of August, 1903, the case was tried by the court without a jury, and judgment was rendered in favor of the defendant in error for the sum of two thousand one hundred and thirty-one and 75-100 ($2,131.75) and foreclosure of lien, and costs of the action. Motion for a new trial was filed and overruled on the 19th day of August, 1903, and exceptions saved. Case is brought here for review.

Opinion of the court by

IRWIN, J.: In this case, some objections are made by attorneys for defendant in error to the sufficiency of the record as presented in the case made; but we think it advisable not to go into the merits of these objections, which are of a technical nature, but rather to consider the case on its mer-

its. The first assignment of error presented to the court for reversal, is that the trial court committed error in overruling the demurrer to the petition on the grounds that said petition fails to show that there was any knowledge or privity between the Stephenson-Brown Lumber Company and H. M. Ferguson and the other owners of the building, in the furnishing of the material to Ingram and Maloy, the contractors. That this contention is not sound, it will, we think, be only necessary to refer to the language of the mechanic's lien act, section 619, chapter 66, which provides:

"Any person who shall, under contract with the owner of any tract or piece of land, or with the trustee, agent, husband or wife of such owner, furnish materials, etc, * * * shall have a lien," etc.

Section 621, of the same chapter provides: "Any person who shall furnish any such material * * * under a sub-contract with the contractor, * * * shall have a lien." It was under this latter section the material was furnished in this case, by which section, no privity or knowledge on the part of the owner of the building is made necessary.

The second assignment of error is that the lien statement filed by defendant in error, and upon which the petition was based, failed to state sufficient facts to establish any liability of the plaintiffs in error, and failed to show that said lien statement was filed within sixty days after the furnishing of said material. Section 621, of chapter 66, Wilson's Statutes, above quoted, provides, that the parties seeking a lien under this section, "must file with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was

last furnished, * * * under such sub-contract, a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which the lien is claimed, and by serving a notice in writing of the filing of such lien upon the owner of the land."

In the case of *Blanchard v. Schwartz,* 7 Okla. 23, this court says:

"*Mechanics Lien. Statement of Sufficiency.* In order to establish a mechanic's lien, the statement filed for that purpose must substantially comply with the statute; and where the lien claimant files in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed, the items thereof, the name of the owner, the name of the contractor, the name of the claimant, and the description of the property so as to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, verified by affidavit, it will be sufficient."

Now in this case we find on page 11, the following statement: "Stephenson Brown Lbr. Co., a corporation organized under the laws of Oklahoma Territory, and doing business in the county of Greer and Territory of Oklahoma, file this material man's claim for payment of the sum of eighteen hundred fifty one and five-hundredths ($1851.05) dollars against all that certain two story building situate on lots 5 and 6, in block 8, in the city of Mangum, in the County of Greer, in the Territory of Oklahoma, and the tract or piece of land and curtilage appurtenant to the said building.

"The said sum of eighteen hundred fifty-one and 5-100 ($1851.05) dollars being a debt contracted for material, viz: lumber, lime, cement, roofing paper, furnish-

ed by the said Stephenson Brown Lumber Company for the erection of said building and appurtenances of which T. P. Clay, H. M. Ferguson, E. E. McCollister, and W. C. Shadden are the owners or reputed owners, and G. T. Ingram and H. M. Maloy are the contractors at whose instance and request the material was furnished as aforesaid, and the Stephenson Brown Lumber Co. claim a lien on said building and tract or piece of land and curtilage appurtenant to said building from the time of its commencement for the sum aforesaid; and said claimants hereto annex a statement of said claim, setting forth the amount and items thereof as nearly as practicable, which statement is marked exhibit 'A.'"

This statement was sworn to by S. A. Stephenson, as president of the Stephenson Brown Lumber Company, and was marked "Filed June 19, 1901, B. D. Shear, clerk; O. P. Elliott, deputy." On pages 7, 8, 9 and 10, of the case made, is an itemized statement showing the articles of said material furnished. On page 6, of the case made, is the following notice:

"Territory of Oklahoma, county of Greer,

"I, R. C. Parsons, bookkeeper for the Stephenson Brown Lumber Company, being duly sworn, depose and say that I delivered to each H. M. Ferguson and E. E. McCollister on July 5, 1901, and to T. P. Clay and W. C. Shadden each a notice on July 10, 1901, of which the following is a true copy, to wit:

"NOTICE.

"To T. P. Clay, H. M. Ferguson, E. E. McCollister, and W. C. Shadden: you are hereby notified that on the 19th day of June, 1901, the undersigned filed in the office of the clerk of the district court of Greer county, Oklahoma Territory, a statement of its claim of lien for materials furnished by it to G. T. Ingram and H. H. Maloy, contractors, to be used in the erection and completion of a two story

building on lots 5 and 6, in block eight in the city or town of Mangum, in the said county, which materials were so furnished on and between the 5th day of March and the 17th day of June, 1901, and for the sum of $1851.05 with interest at 7 per cent per annum from the 19th day of June, 1901, and that said undersigned claims said lien.

"Stephenson Brown Lumber Co.

"By S. A. Stephenson, Pres.

"R. C. Parsons.

"Subscribed and sworn to before me this 11th day of July, 1901.

"James Brown, Notary Public.

"Greer county, Oklahoma.

"[SEAL.]

"My commission expires March 29, 1905."

This statement so filed, and the notice so given, shows that the last item of material furnished was on June 17, 1901, and the date of the filing of the statement as shown by the certificate of the clerk, and the time of serving the notice as shown by the affidavit of the bookkeeper Parsons, were both within the sixty days required by statute. This we think, fills the requirements of the law.

The next contention of plaintiff in error is that the court committed error in sustaining the demurrer to the cross-petition of the plaintiffs in error. In this cross-petition, plaintiffs in error sought to make the sureties on the bond of the contractors Ingram and Maloy, parties to this action in order to secure a judgment against them on the bond. In support of their right so to do, they cite section 4234, chapter 66, of Wilson's Statutes, which reads as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or

who is a necessary party to a complete determination or settlement of the question involved therein."

In determining whether the bondsmen were proper parties, we must consider the two classes included in this section. First, Were they persons having or claiming an interest adverse to the plaintiff? This, we think, must be answered in the negative. Second, Were they necessary parties to a complete determination or settlement of the questions involved in this case? Now what were the questions involved under the pleadings in this case? 1. Had material been furnished to the contractors by the plaintiff? 2. How much? 3. Was plaintiff entitled to a material man's lien? Now the parties they desire to bring into this record, and make parties to this litigation, were parties who had become sureties on the bond of the contractors for the faithful performance of their contract with the owners of the building, and it seems to us, that they were not either necessary, or proper parties to bring into the record, and their presence as parties to the litigation was in no manner necessary to adjust any of the questions or issues raised by these pleadings. If rights or duties existing on the part of the bondsmen and between the owners of the building and the parties to the bond were to be litigated, it certainly was not in this case, or between the parties to this suit. Hence we think there was no error in the court sustaining the demurrer to this cross-petition.

The only remaining contention of plaintiffs in error is that the court below rendered a judgment in favor of plaintiff on entirely insufficient evidence, and that the evidence did not warrant the court in finding that the material furnished by the defendant in error was sold to Ingram and

Maloy to be used in the building belonging to plaintiffs in error. Under the long established and oft repeated rule of this court that it will not disturb a finding of fact by the district court where there is evidence which reasonably tends to support such finding, we have only to examine into the record far enough to determine that such evidence exists, to dispose of this contention. That there was evidence which reasonably tends to support the court's finding, we have only to refer to the testimony of R. C. Parsons, at page 22 of the case made, wherein he states that the materials described in the lien statement were sold expressly to be used in this particular building. That as materials were taken from the lumber yard, checks were made showing that the materials went to that building. That when the material was taken from the yard, he knew it was going to that building, and saw a part of it used there. That the last of the material was furnished on the 15th day of June, 1901. That they were furnishing material to Ingram and Maloy for but the one building. That all of the material in the account was furnished to Ingram and Maloy, the contractors for that building, and on page 32, of the case made, the same witness testifies that materials were delivered from the car and yard to the building by the plaintiff, and the most thereof was hauled by plaintiff's teams. We also call attention to the testimony of H. C. Stephenson, president of the lumber company, page 32 of the case made, wherein he testifies that he made the contract with Ingram and Maloy to furnish the materials, giving them reduced rates on account of the size of the building, and the importance of the deal, and their ability to ship a part of the

material in car load lots, and on page 34, the same witness testifies that the Stephenson-Brown Lumber Company furnished materials to the contractors for this building only, and on page 37, the same witness testified in answer to the question, "Do you know that the materials in this account that you have charged here, went into that building?" "It was delivered there for the purpose of going into this building."

We think that an examination of the entire record will show, not only that there was evidence which reasonably tends to support the finding of the district court in this particular, but that a large preponderance of the evidence is in favor of such finding.

We think this disposes of all the assignments of error raised or argued in the brief of plaintiffs in error, and finding no error in the record, the judgment of the district court is affirmed at the costs of plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.