## UHRICH MILLWORK, Ltd., v. McGUIRE et al.

No. 18552. Opinion Filed April 8, 1930.

Rehearing Denied June 24, 1930.

Randolph, Haver & Shirk, W. N. Banks, O. L. O'Brien, and Walter L. McVey, for plaintiffs in error.

Widdows & McCoy and McGuire, Marshall & Bodovitz, for defendants in error.

HERR, C. This is an action originally brought in the district court of Osage county by O. W. Uhrich and B. H. Uhrich, partners doing business under the firm name of Uhrich Millwork, Ltd., against Bird McGuire and Ruby Ridgeway McGuire and others to recover on open account and to foreclose a materialman's lien. There was judgment in favor of plaintiffs against defendant contractors on the open account, but the lien was denied as against defendants McGuire. Judgment was also rendered against defendant contractors in favor of defendants McGuire on cross-petition. Plaintiffs appeal.

The judgment is assailed only in so far as plaintiffs' claim for lien was denied. It appears that, on the 1st day of May, 1918, defendants McGuire entered into a contract with T. O. Williams and W. H. Dennis whereby the said Williams and Dennis agreed to furnish all material and construct for defendants McGuire a residence on lot 6 and the north 25 feet of lot 7, Linkview Place, Country Club addition to the city of Tulsa, Osage county, for the sum of $13,069. It further appears that the contractors failed to comply with the terms of the contract in the construction of the building, and on the 23rd day of September, 1918, defendants McGuire took charge of the work and completed the building.

The trial court found that, by reason of the failure of the contractors to complete the building, defendants McGuire were damaged in the sum of $6,900; that is, that they expended said amount to complete the construction thereof over and above the contract price, and for this reason denied plaintiff's lien.

Plaintiff's account is not questioned. It is admitted that they furnished material under contract with the contractors, which material was used in the construction of said building, in the sum of $2,163.47; and it is further admitted that no part of the same has been paid. It is also conceded that plaintiff's lien statement was duly and timely filed.

In these circumstances, we are of the opinion that plaintiffs are entitled to a lien, but not for the full amount of their claim. It is established by the evidence that at the time defendants McGuire took over the work, the labor and material bills, including plaintiffs' claim, amounted to the sum of $13,163.47. All the claims, except plaintiffs' claim, were paid in full. Some were paid by the contractors from payments made by defendants on the contract and others were paid directly by defendants. It will thus be seen that the sum of $11,000 was actually paid on labor and material claims, all of which were due at the time defendants took over the work. These claims, however, were all paid prior to the expiration of the 60-day period allowed by the statute for filing liens.

In their original brief, plaintiffs contend that no credit should be allowed said de-

fendants for the payments made. They, however, concede that defendants are entitled to credit of $6,900, the cost of the building to them in excess of the contract price, and agree that this amount should be deducted from the original contract price, thus leaving a balance of $6,169 as constituting the contract price as to lien claimants.

Plaintiffs further contend that defendants, having paid the other claims in full within the 60 days allowed, did so at their peril, and that they are, therefore, entitled to a lien for the full amount of their claim inasmuch as the same does not exceed the contract price. We cannot agree with this contention.

Section 7463 of our lien statute, in so far as applicable to payments by the owner to the original contractor, provides:

"The risk of all payments made to the original contractor shall be upon such owner until the expiration of the 60 days herein specified, and no owner shall be liable to an action by such contractor until the expiration of said 60 days; and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor."

It is true that all payments made by the owner to the contractor, within the 60 days allowed by statute for perfecting liens, are made at the risk of the owner. In our opinion, however, the only risk taken by the owner is that the contractor will apply the same on labor and material bills. If the contractor fails so to do, then, as against lien claimants, the owner is not entitled to credit on the contract price for the amount so paid, but if the payments are so applied, the owner is entitled to credit and if the cost of construction is greater than the contract price, the burden is on the owner to see that payments made are ratably applied, and, if not so applied, then he is entitled to credit only to the extent of the pro rata amounts which the persons paid would have been entitled to had their liens been filed.

The statute further provides that the owner cannot be held liable to lien claimants beyond the contract price. This price constitutes a trust fund in which all persons performing labor and furnishing materials are entitled to participate, provided liens are filed by them as provided by said section. It cannot be denied that claimants paid would have been entitled to a lien had

their claims not been paid. Neither can it be denied that if liens had been filed by them, plaintiffs, in this action, would be entitled to a lien only for their proportionate part of the contract price.

This being true, we cannot conceive of a good reason for disallowing defendants credit pro rata for the amounts so paid, and thus penalize them for doing voluntarily that which they might have been compelled to do under the law.

Defendants paid, and caused to be paid through the contractors, $11,000 to laborers and materialmen, which was due prior to the time the work was taken over by them. They are entitled to credit for a portion thereof. The total amount of claims at this time was $13,163.47. The original contract price was $13,069. Defendants expended an additional sum of $6,900 in the completion of the building, and they are entitled to an offset against the contract price in the latter sum, thus reducing the contract price, as to lien claimants, to the sum of $6,169. The claims of various laborers and materialmen should have been paid off pro rata, and, in this manner, the various claimants would have been entitled to 47 per cent. of their claims. Plaintiffs are, therefore, entitled to a lien against defendants McGuire in the sum of $1,016.80. The amounts paid by defendants to claimants in excess of 47 per cent. of their claims were paid at the peril of said defendants.

The conclusion here reached is in harmony with the conclusion reached by this court in the case of J. B. Klein Iron & F. Co. v. A. B. Mayes & Co., 76 Okla. 177, 184 Pac. 577. It is there said:

"In an action against the owner of a building to enforce a subcontractor's lien, evidence of payments made by the owner to the contractor, who in turn paid the money thus received to subcontractors, laborers and artisans during the 60 days within which they otherwise would have been entitled to file liens, is admissible; and where the cost exceeds the contract price, the owner is entitled to credit for such payments to the extent of the pro rata amounts which the other subcontractors, etc., would have been entitled to if their liens had been filed.

"In a suit by a subcontractor to enforce a lien against the owner of the building, the owner may offset any actual damages which he has sustained, caused by the contractor's failure to complete the building in time, provided the damages are such as may be said to have been in the contemplation of the parties when the contract was made."

It will be observed that the above case is squarely in point. We follow it, as, in our opinion, the rule therein announced is sound. This holding is in accord with the view taken by plaintiffs in their reply brief, wherein they depart somewhat from the view taken in their original brief.

It follows from what has been said, that plaintiffs are entitled to a lien in the sum indicated, together with a reasonable attorneys' fee to be fixed by the trial court as per stipulation of counsel, and to a decree foreclosing the same. In this respect, judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff in accordance with the view herein expressed. In all other respects, judgment should be affirmed.

BENNETT, HALL, EAGLETON, DIFFENDAFFER, REID, and FOSTER, Commissioners, concur.

TEEHEE and LEACH, Commissioners, dissent.

By the Court: It is so ordered.

Note.—See under (2) anno. 37 A. L. R. 766; 18 R. C. L. p. 981; R. C. L. Perm. Supp. p. 4556. See "Mechanics' Liens," 40 C. J. §464, p. 345, n. 67; §522, p. 383, n. 97; §671, p. 468, n. 26½.