INTER-OCEAN OIL CO. et al. v. MARSHALL.

No. 20913. Opinion Filed May 31, 1932.

Poe, Lundy & Morgan and H. R. Duncan, for plaintiffs in error.

E. M. Conner, for defendant in error.

HEFNER, J. This is an action brought by Henry Marshall in the common pleas court of Tulsa county against the Inter-Ocean Oil Company, a corporation, and W. J. Collier, its superintendent, to recover damages because of the disconnection of gas from his home.

The trial was to a jury and resulted in judgment in favor of plaintiff for $545 actual damages and $300 exemplary damages. Upon motion for new trial, the court required a remittitur of the exemplary damages and approved the verdict for actual damages and rendered judgment in favor of plaintiff accordingly.

Defendants have appealed and, among other things, assert that the judgment is not sustained by the evidence. Plaintiff predicated his action on the theory that in September, 1928, he entered into an agreement with defendants by which they agreed to employ him for a period of one year; that as part consideration for such employment he was to be permitted to build a house on the lease of defendants and defendants were to furnish him free gas during the period of his employment. Plaintiff built the house and his family occupied the same; defendant connected his home with gas and furnished him free gas until January 12, 1929, at which time the gas was disconnected therefrom. It is further alleged that the weather at that time was extremely cold, and that, because of such disconnection, his family became ill and he was damaged thereby.

The learned counsel who filed the brief herein for plaintiffs in error did not try the case in the lower court.

Plaintiff introduced some evidence which tended to prove his theory. Defendants introduced evidence which tended to sustain their defense. At the conclusion of the evidence, the court submitted the case to the jury without objection on the part of defendants. They did not demur to the evidence, neither did they move for a directed verdict, nor in any other manner challenge the sufficiency of the evidence prior to the verdict. This question is therefore not properly before us and we are not required to consider the same. Norman v. Lambert, 64 Okla. 238, 167 P. 213; Muskogee Elec. Traction Co. v. Reed, 35 Okla. 334, 130 P. 157; Oklahoma State Bank v. Ward, 127 Okla. 45, 259 P. 644.

Defendants further contend that the judgment should be reversed because plaintiff's demand is based on his own negligence and is not supported by either merit or reason. This is merely another manner of stating that the evidence is not sufficient to support the judgment and is disposed of in passing upon the assignment that the judgment is not supported by the evidence, and it therefore requires no further discussion.

Defendants further assign as error the giving of instructions No. 6 and 7. The court, in instruction No. 6, instructed the jury that before plaintiff was entitled to recover it devolved upon him to prove by a preponderance of the evidence that an agreement existed between him and defendants that he was to be employed for one year; that if this were proved to their satisfaction by a preponderance of the evidence, and defendants disconnected the gas prior to the expiration of the year, plaintiff would be entitled to recover. No. 7 instructed the jury that if plaintiff failed to make this proof, the verdict should be in favor of defendants. Instruction No. 8½ instructed the jury that before plaintiff could recover it devolved upon him to prove by a fair preponderance of the evidence that an agreement existed between him and the oil company that the latter was to furnish him free gas for one year, and that unless they so found, plaintiff could not recover and the verdict should be for defendants. In instruction No. 9, the jury was told that, in the event they found plaintiff was occupying the premises in question as a trespasser or a tenant at sufferance, plaintiff could not recover and the verdict should be for defendants.

While the instructions complained of are not as full and complete as they might have been, still, under the theory upon which the case was tried, and taking all the in-

structions into consideration. we think the court committed no reversible error.

The court's instructions as to the measure of damages were given to the jury without exceptions. It therefore follows that the question of whether the proper measure of damages was submitted to the jury is not before us for consideration.

The judgment is affirmed.

Plaintiff requested that judgment be entered in his favor on the supersedeas bond. It appears that defendant executed a supersedeas bond in the sum of $1,500 with the Aetna Casualty & Surety Company, of Hartford, Conn., as surety. A copy of the bond appears in the case-made. Judgment was rendered in favor of plaintiff in the trial court for the sum of $545 and costs of suit. It is therefore ordered that plaintiff have and recover against the defendants Inter-Ocean Oil Company and W. J. Collier, as principals, and the Aetna Casualty & Surety Company, as surety on the supersedeas bond, in the sum of $545 and costs of suit.

RILEY, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER. C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), annotation in L. R. A. 1918B, 432; 14 R. C. L. 955; 956; R. C. L. Perm. Supp. p. 3717. (3), 21 R. C. L. 466; R. C. L. Perm. Supp. p. 5060; R. C. L. Pocket Part, title Pleading, § 32.