## CORBITT v. LOGAN et al.

No. 21571.   Opinion Filed Feb. 28, 1933.

Rehearing Denied April 11, 1933.

R. N. Linville, for plaintiff in error.

P. C. Friesen, for defendants in error.

OSBORN, J.   This is an appeal from the district court of Beckham county from an order of the trial court sustaining a demurrer to plaintiff's evidence.   The action was filed by P. H. Corbitt against J. W. Logan, Nell Logan, the Fairview Building & Loan Association, Sayre Abstract, Title & Guaranty Company, and C. I. Jones, for foreclosure of a mechanics' lien.

It is shown that J. W. Logan and Nell Logan were the owners of the property at the time the material was furnished: that the Fairview Building & Loan Association held a mortgage against the property involved. The record does not disclose the exact status of the defendants C. I. Jones and the Sayre Abstract, Title & Guaranty Company, but we assume from the pleadings that they purchased the property subsequent to the filing of said mechanic's lien.

A jury was waived and the cause submitted to the court.   During the introduction of plaintiff's evidence, some question arose as to the sufficiency of the description of the property involved, and plaintiff asked leave to withdraw his announcement for trial

and continue the case on the ground of surprise, which was denied by the court. At the conclusion of plaintiff's evidence, defendants demurred and the demurrer was sustained by the court on the ground that plaintiff had not sufficiently identified the property. Thereafter the court entered judgment quieting the title of the property involved in the defendant C. I. Jones, as to any lien claimed by plaintiff, and plaintiff has perfected this appeal.

The sole question involved is whether or not the description of the property in plaintiff's lien claim is sufficient to support his lien. Plaintiff describes the property as:

"West 24 feet of lot 10 and east 23 feet of lot 11 of block 33 of Houchins addition to the town of Elk City."

The evidence of plaintiff is that the two lots involved are situated in the northeast corner of the block.

The record shows that the original plat of Houchins addition to Elk City was filed November 7, 1905; that the lands were resurveyed and a new plat was filed on the 19th of August, 1907; that according to the old plat, lots 10 and 11 were in the southeast corner of block 33; that when the blocks were replatted, the west half of block 33 was used with block 38 to make a new block, 33; that the lots were renumbered in the new block 33, and lots 10 and 11 were located on the northeast corner. Defendants contend that plaintiff's description should have included the language, "according to the revised plat thereof," and since this language was omitted, the description in fact covered property not involved herein.

The record in this case is insufficient to fully inform this court as to several features which are important herein; however, the record is clear to the effect that there is but one block 33 in Houchins addition to the city of Elk City. Since this is true, plaintiff has specifically described the lots within said block upon which he claimed a lien: there was in fact a substantial compliance with the statute.

The case of Ferguson v. Stephenson-Brown Lbr. Co., 14 Okla. 148, 77 P. 184, lays down the following rule:

"In order to establish a mechanic's lien, the statement filed for that purpose must substantially comply with the statute; and where the lien claimant filed in the office of the clerk of the district court of the county in which the land is situated, a statement setting forth the amount claimed, and the items thereof, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property so as to enable the party familiar with the locality to identify the premises intended to be described with reasonable certainty, verified by affidavit, it will be sufficient."

See, also, El Reno Elec. Light & Telephone Co. v. Jennison, 5 Okla. 759, 50 P. 144.

In the case of Grand River Lumber Co. v. Glenn (Mich.) 207 N. W. 855, the court held:

"Mechanic's lien claim, naming one of owners and designating right dwelling and material used therein, held, not to fail because of misnomer of block."

In that case the lot was described as 38A, instead of 38C, and in the body of the opinion is found this discussion:

"Defendants claim the lien did not attach because of misnomer of the block. In the claim of lien the right dwelling was designated and the name of one owner given, and, as that owner had but one lot, and the material was used in the building on that lot, we cannot ignore the identification outside of the block number. Defendants' contention falls within the rule stated in Jossman v. Rice, 80 N. W. 25, 121 Mich. 270, 80 Am. St. Rep. 493; Hannah & Lay Co. v. Hartzell, 84 N. W. 52, 125 Mich. 177; Acme Lbr. Co. v. Modern Const. Co., 183 N. W. 192, 214 Mich. 357, and is without merit."

In the case of Whitfield v. Frensley Brothers Lumber Co., 141 Okla. 44, 283 P. 985, it is said:

"Under section 7478, C. O. S. 1921, a materialman's lien statement may be amended in any matter, except as to the amount claimed, where, for similar reasons, a pleading could be amended, and may be done, where the justice of the cause would warrant it, after the expiration of the time allowed by law for the filing of the lien statement in the first instance."

These authorities are cited to show that the courts have always exercised a liberal policy in connection with the enforcement of these liens so long as no substantial wrong or injustice was shown to the opposing parties, apparently on the theory that these laws are made for the protection of laborers, artisans, and materialmen who should not be held to a fine degree of technicality in securing their legal rights. A substantial compliance with the terms of the statutes has always been held to be sufficient in such cases.

Under the facts in the instant case, the lien claim shows the amount claimed, the items thereof, the name of the claimant, and

a description of the property which would enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty. Clearly this is sufficient to entitle plaintiff to prevail unless it is shown that defendants have been prejudiced by the failure of plaintiff to include in his description the language which they contend to be necessary.

Mechanic's liens are filed in the office of the court clerk and indexed according to the names of the parties against whom the lien is claimed. The notice herein was sufficient to inform any interested party that a lien was claimed against property owned by J. W. Logan and Nell Logan, located in block 33 of Houchins addition to the town of Elk City. This is sufficient to put any person on inquiry, and under the facts in this case it is apparent that a limited inquiry would have disclosed the location of the property involved.

The pleadings herein show that the defendant Fairview Building & Loan Association did not challenge the sufficiency of the description of the property, but filed an answer joining issue with plaintiff wherein they claimed a prior lien on said property. It is, therefore, clear that this defendant had no difficulty in locating the property involved, and was not seriously prejudiced by the faulty description.

The defendants Sayre Abstract, Title & Guaranty Company and C. I. Jones filed an answer in which they challenged the sufficiency of the description of the property in plaintiff's lien claim. However, the record does not show that they suffered any substantial prejudice, or that they were misled or deceived by the faulty description. In the absence of a showing to this effect, plaintiff's statutory right to recover for his labor and material should not be defeated.

According to the established rule of this court, a demurrer to the evidence admits not only the facts which the evidence tends to prove, but all inferences and conclusions that may be reasonably or logically drawn from such evidence. Sharum v. Sharum, 82 Okla. 266, 200 P. 176; Biedleman v. Barry, 104 Okla. 288, 231 P. 276.

After considering all of the facts in this case in the light of the above rule, we think the court erred in sustaining defendants' demurrer to the evidence.

The cause is reversed, with directions to grant a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.

Note.—See under (1) annotation in 62 L. R. A. 382; L. R. A. 1917C, 1123.