### RENDER et al. v. RICHARDSON.

No. 21832. March 27, 1934.
Rehearing Denied April 24, 1934.

A. C. Brewster, for plaintiffs in error.

Wilkerson & Brown, for defendant in error.

PER CURIAM. This action was commenced in the district court of Delaware county by C. L. Richardson, as plaintiff, defendant in error herein, against Clarence Render and B. E. Kennedy, two of the defendants below, for the recovery of the sum of $265, alleged to be due as a balance on account for the labor done and materials furnished in the construction of a house for said defendants. After suit was filed, upon order of the court, S. A. Gilmore was made a party defendant upon his own motion. The parties will be hereinafter referred to as they appeared in the court below.

The theory and contention of the plaintiff is that in June, 1926, he made and entered into an oral contract with the defendant S. A. Gilmore whereby plaintiff was to work and furnish the labor for the construction of a certain summer house in Delaware county, all material to be furnished on the ground by Gilmore; that the oral contract was made with reference to a set of blueprints exhibited to him during the negotiations, but retained by Gilmore; and that afterwards he was furnished through a lumber company the blueprint of the floor

plan; that plaintiff had constructed similar houses in this vicinity and knew what was wanted; that the defendants Render and Kennedy were in reality the owners and had the work done through Gilmore; that after the work progressed to a certain point and there was due the plaintiff for labor the sum of $350, Gilmore refused to pay and announced that he was through with the job. Thereupon the plaintiff refused to go forward with the work until paid, and some assurance given of future payments. That this situation was by him made known to the real owners, Render and Kennedy, through Render, and that on July 8, 1926 the defendants Render and Kennedy, through Render, orally agreed with the plaintiff that if he would complete the construction of the building they would guarantee the payment of the contract price of $648, and for any extra work by reason of any changes, and that said defendants caused to be paid to plaintiff thereon the sum of $450, and that he proceeded with the work and completed same about August 28, 1926; that there became due plaintiff the contract price of $648, extra work on account of changes $42, and for time in procuring certain material at the instance of the defendants $25, or a total of $715, on which was paid the sum of $450, leaving a balance due of $265 for which the suit was brought.

The contentions of the defendants are that the defendants Render and Kennedy made no contract with plaintiff, and that the contract between the plaintiff and Gilmore was that the contract price was $432, and that the building was to be constructed according to a full set of blueprints delivered to plaintiff by Gilmore; that when said sum of $450 was paid to plaintiff, the plaintiff was overpaid to the amount of $18, and that on account of the failure of the plaintiff to do certain things called for by the blueprint plans, the plaintiff is indebted to the defendants in the sum of $194.88, for which cross-petition was filed. With reference to the cross-petition the plaintiff claims that as to some of the items therein, he did not do the work because not called for by his contract, and as to other items the material therefor was not furnished.

The dispute over the amount of the contract price to be paid the plaintiff arises over the fact that this price was to be based and computed on the area of the floor space, but also governed by the distance apart of the studding—the plaintiff claiming that under the first agreement with Gilmore it was understood that the studding was to be "24 inches on center," in which event the dollars to be paid the plaintiff would be an amount equal to one-fourth of the square feet in the floor space; but that, on account the material furnished by the defendants and subsequent understanding between the parties, the studding was placed "16 inches on center," and that the plaintiff advised the defendants beforehand that on this account his price would be an amount equal to one-third of the square feet of floor space. This was denied by the defendants. The evidence was conflicting.

There was a trial to a jury resulting in a verdict and judgment thereon in favor of the plaintiff and against the three defendants for the sum of $240. After an unsuccessful motion for a new trial, the defendants appeal, and while the specifications of error are four in number, they may be stated under two heads, as follows: (1) That the verdict is contrary to the law and evidence and is not supported by sufficient evidence. (2) Error of law occurring at the trial and excepted to by the defendants.

1. As to the first assignment, the defendants in their brief quote certain evidence of the plaintiff admitted over the objection of the defendants, and certain questions propounded by the defendants to which objections of the plaintiff were sustained.

A complaining party has the burden of pointing out and showing the prejudicial effect of testimony erroneously admitted or excluded, where such prejudice is not apparent on the face of the record. On this point the defendants rely, of course, on the face of the record, and after a careful reading of the entire record we are unable to see how any of the evidence admitted was so prejudicial; and the evidence excluded at the time complained of was afterwards admitted in another fashion. These questions arose during the time plaintiff was offering his evidence on his theory that the contract was made up of oral agreements and one sheet showing the floor plans, while defendants' theory was that the building was to be constructed according to a certain set of blueprints which they claim were left with the plaintiff. Each party had a right to offer evidence in support of his theory, and the record shows this was done.

As to the specification that the verdict was contrary to the evidence and not supported by sufficient evidence, it is observed that the defendants have not preserved this question. The defendants did not demur to plaintiff's evidence, nor did they request a peremptory instruction in their favor. The court submitted the case to the jury without objection on the part of the defendants.

124

This question is therefore not properly before this court for review. Inter-Ocean Oil Co. v. Marshall, 157 Okla. 295, 12 P. (2d) 192, and cases therein cited.

2. The defendants, under the second assignment of error, complain "that the court failed to instruct the jury on the issues joined, and did not define to the jury a contract, or what is necessary for the plaintiff to prove to entitle plaintiff to recover."

It does not appear from the record that the defendants requested a single instruction, or excepted to those given by the court or in any manner challenged the court's attention to any failure to sufficiently cover the issues.

While it is well settled that it is the duty of the court, upon its own motion, to properly instruct upon the decisive issues formed by the pleadings and evidence, and that it is essential that the instructions taken as a whole should fairly and clearly state the law applicable to the case, it is also equally well established that where the instructions given are applicable to the evidence, so far as they go, and set forth with reasonable fullness the general principles applicable to the case, or to a particular issue, a party desiring further or more particular instructions should request them, and in the absence of such request he cannot complain of omissions in the charge, unless it plainly appears that the jury was misled by such omissions. 14 R. C. L. 795. And in the case of St. L. & S. F. Ry. Co. v. Cauthen, 112 Okla. 256, 241 P. 188, it is said:

"The rule is fairly well established that, where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request or be precluded from making such failure available as reversible error." And other cases cited therein.

In this case, the instructions given by the court were clear, concise, and applicable, so far as they go, and we cannot say that it appears that the jury was misled by the court failing to define a contract, or stating more concisely what the plaintiff must show in order to prevail.

Finding no reversible error in the record, the judgment of the lower court should be, and is, affirmed.

The Supreme Court acknowledges the aid of District Judge Claude Duval, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court

for examination and report. Thereafter the opinion, as modified, was adopted by the court.