**HALLEY et al. v. GRAHAM et al.**

No. 23007. Jan. 29, 1935.

Rehearing Denied April 2, 1935.

S. L. O'Bannon and Lafayette Walker, for plaintiffs in error.

G. R. Horner and Edward J. Gilder, for defendants in error.

E. F. Maley, amicus curiae.

PHELPS, J. On June 7, 1920, Sarah Tiger, Fannie Hawkins Tiger, and Winey Hawkins Harjo filed suit in the district court of Okmulgee county against N. A. Graham and Alma Graham, in which they sought to quiet the title to and to obtain possession of certain real estate in the city of Okmulgee.

On July 2, 1920, N. A. Graham and Alma Graham filed their joint answer to plaintiff's petition, which was, substantially, a general denial.

Nothing further was done in said cause and it remained on the docket until January 19, 1924, when it was "dismissed by plaintiffs at their costs."

On June 1, 1926, plaintiffs filed their verified motion, praying that said dismissal be set aside and that said cause be reinstated. On June 5, 1926, the court entered an order sustaining the motion, setting aside the dismissal, and reinstating the cause. Following this action of the court other parties were permitted to interplead. On April 18, 1928, defendants filed their amended answer, and, after various other parties had pleaded, the case was set down for trial, and on May 26, 1931, the defendants, N. A. Graham and Alma Graham, filed their motion, which reads as follows:

"Comes now the defendants N. A. Graham and Alma Graham and move the court to strike this purported action and proceeding from the assignment and to take no action herein further than to declare said case closed, for that no such action as that described in plaintiff's petition and said intervening petitions filed herein is pending in this court because the same was dismissed on January 19, 1924, and the purported order of this court of June 5, 1926, is void and did not reinstate said cause in this court for that this court had no power or jurisdiction at the subsequent term of this court being held on June 5, 1926, to vacate or set aside the order of dismissal of this cause made on January 19, 1924, during the prior term of said court being held at said time."

The court sustained this motion, using the following language:

"It is therefore considered, ordered, and adjudged by the court that this cause be, and the same is hereby stricken from the assignment, and that this court take no further action in this cause, and that said cause is not pending in this court, and that the same be and is hereby declared closed on January 19, 1924."

From this judgment, the plaintiffs in error prosecute this appeal.

Counsel for plaintiffs in error assigned twelve errors as their grounds for reversal, but present them in their briefs under two general heads, the first of which is that:

"The trial court erred in finding and concluding that this cause was dismissed out of said court on January 19, 1924."

They contend that the case was never dismissed, their contention being that before the case could be dismissed there must be an order of the court specifically dismissing it. They cite authorities holding that a mere recitation on the clerk's minutes does not constitute an order or judgment of court. It occurs to us, however, that these authorities are not applicable to the facts disclosed by the record in this case. The first subdivision of section 664, C. O. S. 1921 (sec. 418, O. S. 1931), provides that an action may be dismissed "by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court"; and section 665, C. O. S. 1921 (sec. 422, O. S. 1931), provides that:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action."

Page 476 of civil journal No. 28 of the district court of Okmulgee county is embraced in this record and is as follows:

"Be it remembered: That on this the 19th day of January, 1924, the same being one of the judicial days of the regular October, 1923, term of court, court convened at 9:00 o'clock a. m., pursuant to adjournment.

"Present: James Hepburn, Judge; E. V. Cott, reporter, Helen Hale, deputy court clerk, John Russell, sheriff, J. A. Lippold, bailiff; and court having been opened by public proclamation the following proceedings were had:

"Sarah Hawkins,—Tiger et al., plaintiffs,

v. W. A. Graham et al., defendants, No. 7012.

"Dismissed by plaintiffs at their costs."

At page 508 of said journal, we find the following recitation:

"State of Oklahoma, Okmulgee County, ss.

"I, James Hepburn, judge of the district court in and for Okmulgee county, Twenty-Second District of the state of Oklahoma, do hereby approve the foregoing entries of the journal of the district court of said county and state.

"(Signed)    James Hepburn,
"District Court Judge."

The record does not affirmatively show that the plaintiffs, or their attorneys, were in court and dismissed the case, but the record does show that court was in session, and this record was made by the court and at a later date the proceedings in the journal were approved by the judge. There is no contention on the part of plaintiffs in error that at the time the case was dismissed there was any cross-petition on file or that defendants were asking for any affirmative relief, neither is it contended that the costs were not paid.

It is therefore our conclusion that the case was properly dismissed.

The second contention is that:

"The trial court erred in sustaining the motion of the defendants in error, N. A. and Alma Graham, herein designated as defendants below, to strike the action and proceedings from the assignment and to take no action therein further than to declare said case closed."

A careful examination of the motion of plaintiffs in error to reinstate the dismissal shows clearly that they do not bring themselves within either one of the nine subdivisions, grounds, or reasons set out in section 810, C. O. S. 1921 (sec. 556, O. S. 1931), authorizing the district court to "vacate or modify its own judgment or orders."

Even if it could be said that they do bring themselves within any one of these nine subdivisions, they would be barred by the statute of limitations as set out in section 812, C. O. S. 1921 (sec. 558, O. S. 1931).

It is therefore our conclusion that the court had no jurisdiction or authority to sustain plaintiff's motion and reinstate the cause, and that in attempting to do so the

action was a nullity, and the judgment of the district court is, therefore, affirmed.

McNEILL, C. J., and RILEY, WELCH, and GIBSON, JJ., concur.