## KENNEDY v. UHRICH et al.

No. 25684. June 23, 1936.

Rehearing Denied Nov. 17, 1936.

Application for Leave to File Second Petition for Rehearing Denied Dec. 15, 1936.

Goldesberry & Klein and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Banks, O'Brien & McVey and Randolph,

Haver, Shirk & Bridges, for defendants in error.

OSBORN, V. C. J. This action was instituted in the district court of Osage county by S. G. Kennedy and others, as plaintiffs, against O. W. Uhrich and B. H. Uhrich, a co-partnership, doing business under the name of Uhrich Millwork, Ltd., and certain other parties as defendants, wherein it was sought to enjoin the enforcement of a judgment lien against real estate and to quiet title thereto. From a judgment in favor of defendants, plaintiff S. G. Kennedy appeals. The parties will be referred to as they appeared in the trial court.

A determination of the issues raised in this action requires an examination of certain former proceedings. We will state only such facts and refer to only such portions of the former proceedings as is necessary to outline the determinative issues of law involved in this appeal.

Plaintiff S. G. Kennedy was the husband of Agnes Kennedy, a member of the Osage Nation of Indians, who died February 27, 1912. The real property involved herein was a part of her allotment. Plaintiff, as her husband, inherited an undivided one-third interest in said real property. Said property was never partitioned and was held by all the heirs as tenants in common.

The record shows that on May 4, 1918, plaintiff wrote a letter to Hon. Bird McGuire, which is, in part, as follows:

"Understanding that you contemplate soon beginning the construction of your new residence in my Country Club District and, as you are aware, it may take some time to fully pass the title by court proceedings, I feel it is due to you and I am writing you confirming our agreement and understanding last fall for furnishing you a lot or tract of land in that district and stating to you that you may have all of lot six (6) and the northerly twenty-five (25) feet of lot seven (7) in the Country Club District, with a frontage of one hundred and twenty-five (125) feet for the sum of five thousand dollars ($5,000) and, after you shall have constructed your residence and paid for the land in the usual course, I will personally refund you two thousand dollars ($2,000) of the purchase price in accordance with our agreement and understanding."

Thereafter Mr. McGuire commenced the construction of a residence upon the property described in the letter. Defendants, as subcontractors, filed a lien against the property for building materials and supplies furnished to the principal contractor and used in the construction of the building.

On May 18, 1919, defendants filed a petition in the district court against the Willis-Dennis Company, the contractor, Ruby Ridgway McGuire, and Bird S. McGuire, wherein it was sought to foreclose said materialman's lien. Said cause was numbered 4569 in the district court. S. G. Kennedy was not made a party defendant in that action. Said action was consolidated with other actions wherein it was sought to foreclose other materialmen's liens, and the plaintiff Kennedy made an appearance in the consolidated cases.

On October 18, 1922, Mr. McGuire, by bill of sale, transferred the buildings located on the property herein involved to plaintiff, Kennedy.

It appears that the lien claims involved in all the actions, except cause No. 4569, were settled, and that cause was tried on January 24, 1927, and judgment rendered in favor of defendants in that action, denying the lien. The cause was appealed and the judgment of the trial court reversed (Uhrich Millwork, Ltd., v. McGuire, 143 Okla. 16, 289 P. 264), and plaintiffs granted a lien to the extent of $1,016.80. Thereafter the district court, in conformity with the opinion of this court, fixed a lien upon the real estate involved herein, in the amount named, together with attorney's fees.

Thereafter this action for injunction was instituted in the district court by plaintiff and his children. A temporary order enjoining a sale of the property was obtained. On the trial the order was made permanent as against the two-thirds interest of the children and the application denied as to the one-third interest of plaintiff.

It is contended by plaintiff that the former judgment is void, and that he is entitled to equitable relief. Among other things, he contends that the court was without jurisdiction to enter the judgment. In this connection it appears that on May 10, 1926, the cause was set for trial and no appearances were made; on May 11, 1926, the parties appeared by counsel and agreed to a continuance of the case to the next term. On June 21, 1926, within the same term, the cause was assigned for trial, appearing on the trial assignment for June 24, 1926. On that date the cause was called for trial, and no one appearing, the cause was dismissed for want of prosecution. The order was made on the minute record of the court. No proceedings were had during that term or the succeeding term to vacate the order of dismissal. On September 22, 1933, the district court, upon application of plaintiff herein, made an order nunc pro tunc, in cause No. 4569, extending the minute records of May 10, May 11, and June 24, 1926, upon the journals of the court. At the conclusion of the hearing in this case the trial court found that when the parties appeared on January 24, 1927, and announced ready for trial, none of the parties had knowledge or notice of the order of dismissal previously entered on June 24, 1926, and that when all parties appeared, announced ready, and proceeded to trial, without objection or reference to the order of dismissal, that would have the effect of reinstating the cause. We approve the finding and conclusion of the trial court. The order of dismissal was entered after the cause had been continued for the term, without notice to any interested party. No showing of harm or detriment to any party to that cause is shown. The cause proceeded to trial as if no such order was in existence. It was not until the opinion of this court had been rendered in the cause that the order was discovered. This is an equitable action. The contention in this case, although it involves a question of jurisdiction, is formal and technical and does not appeal to the conscience of a court of equity. The recent case of Halley v. Graham, 171 Okla. 276, 42 P. (2d) 824, cited and relied upon by plaintiff, involves issues entirely dissimilar to the issues involved herein.

It is next contended that the judgment is void for the reason that the description of the property contained in the lien claim upon which the judgment is based is too vague and indefinite. Said description is as follows:

"Lot six (6) and the north twenty-five (25') feet of lot seven (7), Link View Place, Country Club addition to the city of Tulsa, Osage county, state of Oklahoma."

It is shown by the record that plaintiff had prepared a plat of certain property, including the premises involved herein, but that the plat had never been placed of record. The evidence is conclusive that no such place as "Link View Place," in the city of Tulsa, was in existence. It is noted that in other respects the description of the property is the same as that contained in the letter from plaintiff to McGuire. It would serve no useful purpose to discuss the evidence at length regarding the faulty description of the property. Suffice it to say that the case of Corbitt v. Logan, 163 Okla. 86, 20 P. (2d) 894, is controlling of this issue. Therein it was held:

"Where a mechanic's lien is properly and

timely filed containing an incorrect description of the property to be affected thereby, but containing all other requirements, but such description is sufficient, when inquiry is pursued, to enable a person to identify the premises intended to be described with reasonable certainty, such lien statement is sufficient to support an action in foreclosure."

It is next asserted that no notice was served upon the landowner. This assertion is premised upon the proposition that when the supplies and materials were furnished and the lien statement filed, the property was not owned by McGuire, but by plaintiff and his children. Defendant refers to the rule announced in the cases of Thomas v. Soper Lumber Co., 69 Okla. 197, 171 P. 736, and Long-Bell Lumber Co. v. Prowant, 114 Okla. 35, 243 P. 165, relating to the enforceability of liens against the interests of vendees under executory contracts of sale. These cases are not strictly applicable herein. We are not dealing with an executory contract of sale. We have heretofore referred to the letter dated May 4, 1918, from plaintiff to McGuire. We direct particular attention to the following language contained therein: "you may have all of lot * * * for the sum of $5,000, and after you shall have constructed your residence and paid for the land in the usual course, I will personally refund you $2,000. * * *" No reservation of title is made or suggested in the letter. The acceptance of the terms of the transfer by McGuire is evidenced by his taking possession of the premises and constructing the house thereon. The trial court correctly held that the contract was without force and effect so far as the interests of plaintiff's children were concerned. As between the contracting parties, we hold that this was an ordinary sale of real estate on credit, and as between said parties there was a valid transfer of title. Under these circumstances plaintiff is estopped from claiming to be the owner of the premises at the time the materials and supplies were furnished and the lien claim filed. No contention is made that notice was not served upon McGuire.

Various other propositions are presented, but we are unable to find equities existing in favor of plaintiff that would justify the cancellation of the previous judgment of the court upon a collateral attack. The court had jurisdiction of the necessary parties and the subject-matter and was vested with judicial power to render the judgment. No fraud on the part of the prevailing parties is alleged or proved.

The judgment is affirmed.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.