KING v. LONG-BELL LBR. CO. et al.

No. 29406. Oct. 1, 1940.

*105 P. 2d 1060.*

C. N. Simon, of Tulsa, for plaintiff in error.

Settle & Clammer, of Tulsa, for defendant in error Long-Bell Lumber Company.

E. M. Connor, of Tulsa, for defendant in error P. W. Jacobs.

Cleo Wilson, of Tulsa, for defendant in error Evlo Refining & Marketing Company.

OSBORN, J. This is an appeal by Virginia I. King, hereinafter referred to as appellant, from a judgment of the district court of Tulsa county, decreeing foreclosure of certain laborer's and materialmen's liens against property owned by her and located in the city of Tulsa.

The action was instituted by P. W. Jacobs to foreclose a laborer's lien. Clyde Jacobs, a sole trader doing business as the North Side Realty Company, L. E. Shirley, Jack Ross, and the Long-Bell Lumber Company were named as parties defendant. It appears that the real property herein involved stood of record in

the name of L. E. Shirley, but it is admitted that the property was actually owned by appellant, Virginia I. King, who intervened in the action. It was alleged that a contract had been entered into for the reconstruction or remodeling of a dwelling located on lot 17, block 12, Forrest Park addition to the city of Tulsa; that plaintiff did certain work and labor in connection therewith and there was a balance due him in the sum of $260, which constituted a lien on the premises. The Long-Bell Lumber Company by its answer and cross-petition claimed a materialmen's lien against the property for an alleged unpaid balance of $226 for material furnished. The Evlo Refining & Marketing Company intervened and alleged that it had purchased the labor claim of Jack Ross in the sum of $119 and sought foreclosure of the lien perfected by Ross.

The cause went to trial before a jury. The trial court instructed verdicts in favor of the Long-Bell Lumber Company and the Evlo Refining & Marketing Company. A question of fact arose as to whether or not P. W. Jacobs was a laborer or an independent contractor. This question was submitted to the jury and it returned a finding that said P. W. Jacobs was a laborer and not an independent contractor. Thereupon the trial court entered judgment in favor of said P. W. Jacobs ordering that his lien be foreclosed. The trial court fixed attorneys' fees in favor of the attorneys representing the various lien claimants and included same in its judgment. As heretofore stated, appellant was the owner of the property, but the contractual arrangements hereinabove referred to were made in her behalf by her mother, Mrs. M. M. Shirley. There is no dispute with regard to the authority of Mrs. M. M. Shirley to act in this connection as agent of appellant. The original contract price for the reconstruction of the dwelling house was $780. After the work was commenced it was discovered that other additions and changes were necessary, and a new contract was entered into authorizing the additional labor and materials.

There are numerous charges of error, but we will consider only those which are properly presented and argued in the briefs.

It is urged, first, that the debts were not clearly proved. A review of the record discloses that this contention is without merit, and in addition thereto we note that appellant did not demur to the evidence nor move for an instructed verdict, and is therefore precluded from attacking the sufficiency of the evidence to establish the issues of fact. Wilhite v. Brin, 178 Okla. 339, 62 P. 2d 1240; Render v. Richardson, 168 Okla. 122, 31 P. 2d 923; Graf Packing Co. v. Pelphrey, 171 Okla. 416, 42 P. 2d 889.

It is next urged that the liens did not attach until notice thereof had been served upon the owners of the property. Under the provisions of section 10977, O. S. 1931, 42 Okla. St. Ann. § 143, notice is required only where a lien is claimed through a subcontractor. This was pointed out in the case of Moore v. Morris, 116 Okla. 224, 243 P. 933. This provision requiring notice, therefore, has no application in the instant case.

It is further urged that the property was incorrectly described in the lien claims, and therefore the liens are insufficient and invalid. In this connection it appears that the property is located in block 6 of Forrest Park addition to the city of Tulsa, and the lien statements described said block as block 12. The error, however, was disclosed in the course of the proceedings and the lien statements, by leave of court, were amended to correctly state the description of the property. This is authorized by section 11017, O. S. 1931, 42 Okla. St. Ann. § 172. See Whitfield v. Frensley Lmbr. Co., 141 Okla. 44, 283 P. 985; Spurrier Lmbr. Co. v. Montgomery, 165 Okla. 67, 24 P. 2d 1005. In the absence of such an amendment we would be compelled to hold the description to be sufficient under the rule announced in the cases of Corbitt v. Logan, 163 Okla. 86, 20 P. 2d 894, and Kennedy v. Uhrich, 178 Okla. 366, 62 P. 2d 994.

Considerable argument is devoted to the contested issues of fact. The evidence is conflicting, but we have heretofore pointed out that the question of the sufficiency of the evidence is not now before us. We have examined the record, however, and find that there was introduced competent evidence which is sufficient to establish the various elements essential to a recovery in behalf of the various lien claimants.

The judgment is affirmed.

RILEY, GIBSON, HURST, and DAVISON, JJ., concur.