REPUBLIC NATURAL GAS COMPANY, a foreign corporation, Plaintiff In Error,

v.

Mark L. MELSON, Defendant In Error.

No. 36101.

Supreme Court of Oklahoma.

Sept. 28, 1954.

Walter G. Wilson, Chandler, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

DAVISON, Justice.

This is an action, brought by the plaintiff, Mark L. Melson, the agricultural lessee of a 160-acre tract of land in Lincoln County, Oklahoma, against the defendant, Republic Natural Gas Company, the oil and gas lessee of the same tract of land, to recover for the damages done by the latter to plaintiff's 1951 crop. The parties will be referred to as they appeared in the trial court.

About half of said 160 acres was in cultivation, and in 1951, different kinds of feed

crops were planted thereon. During that year, the defendant drilled a number of oil and gas wells thereon and on the adjoining property. In the operations, a road was built across the land and a fence was torn down. When asked about what kind of gate should be constructed, plaintiff told defendant's agents that it would be satisfactory to build a cattle guard instead of a gate if the guard was kept cleaned out. The defendant, however, allowed mud and dirt to accumulate in the guard so that live stock crossed over into plaintiff's fields destroying part of the growing crops. Plaintiff filed this action seeking to recover for the damage done to "the crops, grass, property and stock" of the plaintiff and the loss of "a great deal of time in searching for and finding his cows and other stock."

■ The trial was to a jury, resulting in a verdict and judgment for plaintiff for $716.67. Defendant has perfected this appeal therefrom, urging four propositions as grounds for reversal. It first contends that, under the oil and gas lease, it had a right to use so much of the surface as necessary for mining purposes without further compensation. That contention, however, does not take into consideration the fact that plaintiff had leased the premises for agricultural purposes, and had gone into possession several weeks prior to the execution and delivery of defendant's mineral lease and several months prior to the drilling operations. Therefore, the oil and gas lease was subject to plaintiff's rights under the agricultural lease and defendant was liable for all damage done to plaintiff's crops.

■ Defendant next argues that the proximate cause of any loss suffered by plaintiff was not the negligence of defendant but rather the violation of 4 O.S.1951 § 94, by the owners of the stock in not restraining them from running at large. It is also contended that if defendant failed to keep the cattle guards cleaned out, then plaintiff should have so cleaned them to prevent damage to his crops. But it must be borne in mind that defendant was the one who tore the fence down; that it was a pas-

ture fence; and that defendant was allowed to put in the guards instead of a gate only on condition that they would be kept clean and effective. These two issues were ones of fact for determination by the jury. The record does not disclose a demurrer to the evidence nor a motion for an instructed verdict by the defendant during the trial of the cause. The law governing such a situation was stated in the case of King v. Long-Bell Lumber Co., 188 Okl. 46, 105 P.2d 1060, 1061, as follows:

"* * * appellant did not demur to the evidence nor move for an instructed verdict, and is therefore precluded from attacking the sufficiency of the eivdence to establish the issues of fact. Wilhite v. Brin, 178 Okl. 339, 62 P.2d 1240; Render v. Richardson, 168 Okl. 122, 31 P.2d 923; Graf Packing Co. v. Pelphrey, 171 Okl. 416, 42 P.2d 889."

■ The final proposition is that allegedly the damages allowed were excessive, apparently given under the influence of passion or prejudice. Neither in the motion for new trial nor in the petition in error did the defendant object to, or preserve exceptions under subdivision 5 of 12 O.S.1951 § 651, to the "Erroneous assessment of amount of recovery" if any. Therefore, the only question now before us is under subdivision 4 of said section, founded upon passion and prejudice—defendant contending that the verdict is excessive by some $100. The rule applicable to such situations is that unless we are able to say from the amount of the verdict that passion and prejudice existed, the assignment of error must be overruled. Bucktrot v. Partridge, 130 Okl. 122, 265 P. 768; John A. Brown Co. v. Clause, 205 Okl. 122, 235 P.2d 680.

There being no error in the rulings of the trial court which were properly preserved for our consideration, the judgment must be and the same is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.