**JOHN DEERE COMPANY, a corporation, Appellant,**

v.

**O. V. PAYNE, Appellee.**

**No. 51040.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 13, 1979.

Released for Publication by Order of Court of Appeals March 15, 1979.

Lytle Soule & Emery by John C. Harrington, Jr., Oklahoma City, for appellant.

Bill Moore, Atoka, for appellee.

ROMANG, Presiding Judge:

In this action the Plaintiff-Appellant (Creditor) sued the Defendant-Appellee (Debtor) on a promissory note executed by the Debtor as part of the price for the purchase of some equipment from the Creditor's assignor. After a general denial the Debtor pleaded the affirmative defense of payment. *Barlas v. Catechis*, 129 Okl. 142, 263 P. 647 (1928). On trial to the court, sitting without a jury, a decision for the Debtor was rendered. The Creditor appeals alleging that the evidence was insufficient to sustain the Debtor's burden of proof on payment. In response, the Debtor argues that the Creditor failed to demurrer to the evidence of payment or move for a directed verdict and therefore may not appeal for insufficient evidence.

■ Initially, we must decide whether the issue of the sufficiency of the evidence is before us. The Debtor urges the usual rule that in matters of legal cognizance the insufficiency of the evidence may not be raised on appeal where there has been no demurrer to the evidence, motion for a directed verdict or other effort to raise the sufficiency issue in the trial court. *Reedy v. Weathers*, Okl., 472 P.2d 914 (1970); *Inter-Ocean Oil Co. v. Marshall*, 157 Okl. 295, 12 P.2d 192 (1932), and *State v. Wells*, 96 Okl. 69, 220 P. 341 (1923). The rationale for this rule is explained in two early cases: *Muskogee Traction Co. v. Reed*, 35 Okl. 334, 130 P. 157 (1913) and *Reed v. Scott*, 50 Okl. 757, 151 P. 484 (1915). In *Reed v. Scott* the rule is justified as "based upon the proposition that a motion for a new trial is for the purpose of bringing again to the notice of the court rulings of the court during the trial which were properly excepted to at the time." 151 P. at 484. Thus the rule was derived from the salutory principle that a motion for a new trial was designed to protect against errors pointed out to the court in a timely fashion.

■ This rationale fails when the trial is to the court. In equity the rule does not apply in light of the appellate court's duty to review and weigh the evidence subject to appropriate deference to the trial court's resolution of conflicting testimony. *Irion v. Nelson*, 207 Okl. 243, 249 P.2d 107 (1952). But the notion of a "motion for a directed verdict" is clearly inapplicable where there is no jury whose verdict one may direct. Furthermore, when the court tries the facts it has a legal duty to reach its judgment only on sufficient evidence and the mere submission of the issue to the court raises the question of sufficiency necessarily and automatically. In *Wilcox Oil Co. v. Lawson*, Okl., 301 P.2d 686 (1956) and *Walker v. Duncan*, Okl., 469 P.2d 647 (1970), the Supreme Court made it clear that the sufficiency of the evidence could be raised by a motion for new trial in the absence of a demurrer to the evidence or a motion for a directed verdict where a legal action was tried to the court. Since a motion for new trial is not necessary to preserve issues for appeal, 12 O.S.1971, § 991, we believe we have ample authority to consider the sufficiency of the evidence in this case.

■ In reviewing the sufficiency issue we recognize that our review is necessarily limited. In a legal action tried to the court, the court's findings and judgment are entitled to the same weight on appeal as a jury's verdict and must be sustained if there is any probative evidence reasonably tending to support the judgment. *Walker v. Duncan*, supra; *Epperson v. Halliburton Co.*, Okl., 434 P.2d 877 (1967); and *Leveridge v. Notaras*, Okl., 433 P.2d 935 (1967). But even a jury's verdict may be set aside where based on conjecture or speculation, *Sinclair Refining Co. v. Roberts*, 201 Okl. 358, 206 P.2d 193 (1949) and *City of Duncan v. Tidwell*, 48 Okl. 382, 150 P. 112 (1915). We are not to resolve credibility questions or conflicting testimony but viewing the evidence most favorably to the trial court's decision we must determine whether there was any competent evidence, including reasonable inferences, reasonably tending to support that decision.

The record on appeal was prepared under Rule 1.21 of the Rules of Appellate Procedure in Civil Cases. The evidence designated hereunder included the testimony of the Debtor and his wife's mother. The Debtor testified that his wife mailed the $3,170 full payment in cash to the creditor on or about December 17, 1973. About one month later he received in the mail from the County Clerk the original financing statement marked "Released". He further testified that some time later a representative of the Creditor sought to get the Debtor "to sign a new financial mortgage . . . ." On cross-examination he admitted he was not present when the wife sent the cash and in response to the question "How do you know that your wife sent the money in . . ?" he responded "I don't really know that." On redirect the Debtor stated that "I know she [his wife] sent it [the money] in with my own knowledge as far as I know. I couldn't swear here, but with my own knowledge, I do know." Further colloquy

among counsel, the Court and the witness revealed that the only person claiming to have seen the wife mail the payment was the wife's mother who then testified. In response to a question from the Court, apparently still dealing with knowledge of payment, which stated "You don't know for sure, is that correct?" the Debtor stated "No."

The wife's mother testified she saw her daughter wrap up a stack of money and place it in a long envelope and take it to the mail box. She did not count the money or see to whom the envelope was addressed. Without alluding to hearsay testimony of the wife, which was properly excluded or never actually in the record, she could not testify to whom the money was sent or how much it was. She was permitted to testify that she knew it was payment on one of the items purchased.

As mentioned the Debtor had the burden to prove payment. The wife did not testify so far as we know. The Debtor's testimony discloses no actual knowledge that payment was made. The wife's mother's testimony supports an inference that some money was placed in an envelope. But the mother did not testify that she observed the affixing of stamps to the envelope, the addressee, or the placing of the envelope in the mail box. We find no facts supporting such an inference without which there is no reasonable basis for concluding that this Creditor was mailed any payment, let alone payment in full. As was testified the Debtor used banks on occasion but made other kinds of large payments in cash. There is no factual basis for the trial court's apparent inference that not only was there $3,150 in the envelope but that the envelope was properly mailed to this Creditor.

With all due deference to the trial court and reviewing the evidence most favorably to the debtor we cannot find a rational basis to infer that the instant debt was paid.

We reverse the judgment below and remand the case to the District Court with instructions to enter an appropriate judgment for the Creditor.

REVERSED WITH DIRECTIONS.

REYNOLDS and BOX, JJ., concur.